EBENEZER S. B. BRIGGS et al., Appellants, *v.* THOMAS M. PARTRIDGE et al., Respondents.

An executory contract under seal for the purchase of lands, executed by the vendee in his own name, cannot be enforced as the simple contract of another not mentioned in or a party to the instrument, on proof that the vendee named had oral authority from such other to enter into the contract, and acted as his agent in the transaction; at least in the absence

of proof of some act of ratification on the part of the undisclosed principal.

*It seems,* that in case of a simple contract the rule is otherwise and the principal is bound.

(Argued February 3, 1876; decided March 21, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of defendants, entered upon an order dismissing plaintiffs' complaint on trial. (Reported below, 7 J. & S., 339.)

This action was brought to recover the purchase-money unpaid under a contract for the purchase and sale of lands.

The complaint alleged that the plaintiffs entered into an agreement in writing with one L. P. Hurlburd, who was acting for and under the authority of the defendants, " whereby these plaintiffs sold and the defendants through said Hurlburd bought" a certain described piece of land, "for the sum of $7,200, which said sum the defendants, through their agent, the said Hurlburd, agreed to pay," as specified. That it was further agreed that the plaintiffs should deliver the deed, and that the defendants should accept the same and pay the balance of the purchase-money unpaid on the 1st day of February, 1874; that the defendants, through said Hurlburd, paid on the delivery of the agreement $100; that on the said first day of February, 1874, the plaintiffs were " ready to carry out on their part the agreement aforesaid by executing and delivering to said Hurlburd, for and on account of said defendants, a good and sufficient deed of the premises hereinbefore described." Whereas the defendants wholly failed on their part to fulfill said agreement or to take title to said property, but on the contrary refused, and they have ever since refused so to do, and the plaintiffs demanded judgment that the defendants perform said agreement and pay to plaintiffs the sum agreed. The answer was a general denial.

Plaintiffs' counsel, in opening the case on the trial, said that the agreement on which the plaintiffs relied was in writing; that it was made by the plaintiffs as vendors, and

Llewellyn P. Hurlburd as vendee; that the written instrument did not show but that Hurlburd was a principal party; that it was signed and sealed by Hurlburd individually; that the name of defendant Partridge did not appear in the instrument, but that plaintiffs would prove that the said Hurlburd was acting solely for and under the direction of Thomas M. Partridge, who paid or caused to be paid the first payment under the contract; that said Hurlburd was the agent and trustee of said Partridge in the transaction, and the authority given by Partridge to Hurlburd was oral.

On this opening and on the complaint the defendants' counsel moved to dismiss the complaint on the grounds: First. That the facts stated in the opening and by the complaint did not constitute a cause of action. Second. That it was not competent to vary the terms of the written contract by parol proof that the party who executed the same as principal was not a principal, but an agent.

The plaintiffs' counsel further offered to prove that Hurlburd was constituted by parol agent to enter into and execute the contract in behalf of the defendant Partridge; that at the time the contract was made the plaintiffs did not know that Partridge was the real principal; that the plaintiffs tendered a deed to Hurlburd, and did not at that time know that Partridge was the real principal.

The motion was thereupon granted, and plaintiffs' counsel duly excepted.

*Edward D. McCarthy* for the appellants. It was proper to prove that the contract was signed by the agent of an undisclosed principal, in whose behalf the contract was made. (*Higgins* v. *Senior*, 8 M. & W., 834; *Wilson* v. *Hart*, 7 Taunt., 295; *Truman* v. *Loder*, 11 Ad. & El., 594; *Hubbert* v. *Borden*, 6 Whart., 91; *Ruiz* v. *Norton*, 4 Cal., 358; *Huntington* v. *Knox*, 7 Cush., 371; *Mech. Bk.* v. *Bk. of Col.*, 5 Wheat., 326; *East. R. R. Co.* v. *Benedict*, 5 Gray, 566; ·*Potter* v. *Yale College*, 8 Conn., 60; *Dykers* v. *Townsend*, 24 N. Y., 61; *Coleman* v. *Loder*, 53 id., 393; *Ford* v. *Wil-*

*liams,* 21 How. [U. S.], 289; *Stackpole* v. *Arnold,* 11 Mass., 27; *William* v. *Christie,* 4 Duer, 29; *Fenly* v. *Stewart,* 5 Sandf., 101; 2 Gray, 393; 8 Pick., 56; 9 Al., 421.)

*Wm. F. Shepard* for the respondents.   It was not compe-tent to vary the written contract by parol proof that the party who executed it in his name as principal was in fact agent. (*Pumpelly* v. *Phelps,* 40 N. Y., 59; *De Witt* v. *Walton,* 9 id., 571; *Orchard* v. *Bininger,* 51 id., 652; *Foster* v. *Fuller,* 6 Mass., 58; *Buffum* v. *Chadwick,* 8 id., 103; *Stackpole* v. *Arnold,* 11 id., 27; *Pentz* v. *Stanton,* 10 Wend., 271; *Barker* v. *Mer. Ins. Co.,* 3 id., 94; *Spencer* v. *Field,* 10 id., 87; *Tafft* v. *Brewster,* 9 J. R., 334; *Stone* v. *Wood,* 7 Cow., 453; *Rowland* v. *Phelan,* 1 Bosw., 43; *Moss* v. *Livingston,* 4 Comst., 208; *Haight* v. *Sahler,* 30 Barb., 218; *Esp. Church* v. *Varian,* 28 id., 644; *Fenly* v. *Stewart,* 5 Sandf., 101; *Mason* v. *Breslin,* 2 Swe., 386, 394; *Aub. City Bk.* v. *Leonard,* 40 Barb., 119, 136; *Babbett* v. *Young,* 51 id., 466; *Lincoln* v. *Crandell,* 21 Wend., 101; *Galusha* v. *Hitchcock,* 29 Barb., 193; *Williams* v. *Christie,* 4 Duer, 29, 36; *Squier* v. *Norris,* 1 Lans., 282, 284.)   The contract being under seal, could not be changed by oral testimony into a simple contract for the purpose of enforcing it against one not a nominal party to it.   (*Townsend* v. *Hubbard,* 4 Hill, 351; 2 R. S., 135, §§ 8, 9.)

ANDREWS, J.   The defendant was not a party to the agree-ment for the sale and purchase of the land.   He did not sign it himself, nor did it purport to have been executed for him by Hurlburd.   His name does not appear in it, and there is nothing upon the face of the agreement to indicate that he was in any way connected with or interested in the purchase. The covenants in the agreement are solely between the plaintiff and Hurlburd.   The former covenants to sell and convey the land to Hurlburd, and Hurlburd covenants to purchase and to pay the purchase-money as stipulated.   The defendant took no part in the negotiation of the agreement,

and the plaintiff, when he made and executed it, had no knowledge that Hurlburd was acting as the agent of the defendant. The agreement was under seal, each party affixing his own seal to the instrument. Hurlburd, the apparent purchaser, was in fact acting in the transaction as the agent of the defendant, his undisclosed principal, under an oral authority to enter into the contract in his behalf, and the defendant furnished the money to make the down payment to the broker who negotiated the sale. This action is brought by plaintiff upon the agreement to recover the unpaid purchase-money, and it is sought to enforce it against the defendant as the real purchaser and party, upon the ground that Hurlburd, the nominal purchaser was acting for him and by his authority in the transaction. The real question is, can the vendor, in a sealed executory agreement, *inter partes*, for the sale of land, enforce it as the simple contract of a person not mentioned in or a party to the instrument, on proof that the vendee named therein, and who signed and sealed it as his contract, had oral authority from such third person to enter into the contract of purchase, and acted as his agent in the transaction, and can the vendor on this proof, there having been no default on his part, and he being ready and willing to convey, recover of such third person the unpaid purchase-money? This question here arises in a case where the vendor, so far as it appears, has remained in possession of the land, and where no act of ratification of the contract by the undisclosed principal has been shown. It is not disputed, and indeed it cannot be, that Hurlburd is bound to the plaintiff as covenantor, upon the covenants in the agreement. He covenants for himself and not for another, to pay the purchase-money, and by his own seal fixes the character of the obligation as a specialty. He is liable to perform the contract irrespective of the fact whether it can be enforced against his nominal principal. On the other hand it is equally clear that Hurlburd's covenant cannot be treated as, or made the covenant of the defendant. Those persons only can be sued on an indenture who are named as parties to it, and an action will not lie against one person on

a covenant which purports to have been made by another. (*Beckham* v. *Drake*, 9 M. & W., 79; *Spencer* v. *Field*, 10 Wend., 88; *Townsend* v. *Hubbard*, 4 Hill, 351.)

In the case last cited, it was held that where an agent duly authorized to enter into a sealed contract for the sale of the land of his principals, had entered into a contract under his own name and seal, intending to execute the authority conferred upon him, the principals could not treat the covenants made by the agent as theirs, although it clearly appeared in the body of the contract that the stipulations were intended to be between the principals and purchasers, and not between the vendees and the agent. The plaintiffs in that case were the owners of the land embraced in the contract, and brought their action in covenant to enforce the covenant of the vendees to pay the purchase-money, and the court decided that there was no reciprocal covenant on the part of the vendors to sell, and that for want of mutuality in the agreement the action could not be maintained. It is clear, that unless the plaintiff can pass by the persons with whom he contracted, and treat the contract as the simple contract of the defendant, for whom it now appears that Hurlburd was acting, this action must fail. The plaintiff invokes in his behalf the doctrine that must now be deemed to be the settled law of this court, and which is supported by high authority elsewhere, that a principal may be charged upon a written parol executory contract entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument, and was not disclosed, and the party dealing with the agent supposed that he was acting for himself, and this doctrine obtains as well in respect to contracts which are required to be in writing, as to those where a writing is not essential to their validity. (*Higgins* v. *Senior*, 8 M. & W., 834; *Trueman* v. *Loder*, 11 Ad. & Ellis, 594; *Dykers* v. *Townsend*, 24 N. Y., 61; *Coleman* v. *First Nat. Bk. of Elmira*, 53 N. Y., 393; *Ford* v. *Williams*, 21 How., 289; *Huntington* v. *Knox*, 7 Cush., 371; *The Eastern*

*R. R. Co.* v. *Benedict*, 5 Gray, 566 ; *Hubbert* v. *Borden*, 6 Wharton, 91 ; *Browning* v. *Provincial Ins. Co.*, 5 L. R. [P. C.], 263 ; *Calder* v. *Dobell*, 6 L. R. [C. P.], 486 ; Story on Agency, §§ 148, 160.

It is, doubtless, somewhat difficult to reconcile the doctrine here stated with the rule that parol evidence is inadmissible to change, enlarge or vary a written contract, and the argument upon which it is supported savors of subtlety and refinement. In some of the earlier cases the doctrine that a written contract of the agent could be enforced against the principal, was stated with the qualification, that it applied when it could be collected from the whole instrument, that the intention was to bind the principal. But it will appear from an examination of the cases cited, that this qualification is no longer regarded as an essential part of the doctrine. Whatever ground there may have been originally to question the legal soundness of the doctrine referred to, it is now too firmly established to be overthrown, and I am of opinion, that the practical effect of the rule as now declared is to promote justice and fair dealing. There is a well-recognized exception to the rule in the case of notes and bills of exchange, resting upon the law merchant. Persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them ; and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent. (*Barker* v. *Mechanics' Ins. Co.*, 3 Wend., 94 ; *Pentz* v. *Stanton*, 10 id., 271 ; *De Witt* v. *Walton*, 9 N. Y., 571 ; *Stackpole* v. *Arnold*, 11 Mass., 27 ; *Eastern R. R. Co.* v. *Benedict*, 5 Gray, 566 ; *Beckham* v. *Drake*, 9 M. & W., 79.) That Hulburd had oral authority from the defendant to enter into a contract for the purchase of the land, and that he was acting for the defendant in making it is admitted ; and if the contract had been a simple contract and not a specialty the defendant would, I think, have been bound by it within the authorities cited. No question would arise under the statute of frauds, for the statute prescribing what shall be necessary

to make a valid contract for the sale of lands requires only that the contract, or some note or memorandum thereof expressing the consideration, should be in writing and subscribed by the party by whom the sale is to be made, or his agent lawfully authorized. (2 R. S., 135, §§ 8, 9.) In this case the contract was signed by the vendors; and even if it had been executed on their part by an agent pursuant to an oral authority, it would have been a valid execution within the statute. (*Lawrence* v. *Taylor*, 5 Hill, 113; *Worrall* v. *Munn*, 1 Seld., 229.) But the vendee's contract need not be in writing. (*McCrea* v. *Purmort*, 16 Wend., 469.)

We return, then, to the question originally stated. Can a contract under seal, made by an agent in his own name for the purchase of land, be enforced as the simple contract of the real principal when he shall be discovered? No authority for this broad proposition has been cited. There are cases which hold that when a sealed contract has been executed in such form, that it is, in law, the contract of the agent and not of the principal, but the principal's interest in the contract appears upon its face and he has received the benefit of performance by the other party and has ratified and confirmed it by acts *in pais*, and the contract is one which would have been valid without a seal, the principal may be made liable in assumpsit upon the promise contained in the instrument, which may be resorted to to ascertain the terms of the agreement. (*Randall* v. *Van Vechten*, 19 J. R., 60; *Du Bois* v. *The Del. and Hud. Canal Co*., 4 Wend., 285; *Lawrence* v. *Taylor*, 5 Hill, 107; see, also, *Evans* v. *Wells*, 22 Wend., 324; *Worrall* v. *Munn*, *supra;* Story on Agency, § 277; 1 Am. Lead. Cas., 735, note.)

The plaintiff's agreement in this case was with Hulburd and not with the defendant. The plaintiff has recourse against Hulburd on his covenant, which was the only remedy which he contemplated when the agreement was made. No ratification of the contract by the defendant is shown. To change it from a specialty to a simple contract,

in order to charge the defendant, is to make a different contract from the one the parties intended. A seal has lost most of its former significance, but the distinction between specialties and simple contracts is not obliterated. A seal is still evidence, though not conclusive, of a consideration. The rule of limitation in respect to the two classes of obligations is not the same. We find no authority for the proposition that a contract under seal may be turned into the simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof *de hors* the instrument, that the nominal party was acting as the agent of another, and especially in the absence of any proof that the alleged principal has received any benefit from it, or has in any way ratified it, and we do not feel at liberty to extend the doctrine applied to simple contracts executed by an agent for an unnamed principal so as to embrace this case. The general rule is declared by SHAW, Ch. J., in *Huntington* v. *Knox* (7 Cush., 374): "Where a contract is made by deed, under seal on technical grounds, no one but a party to the deed is liable to be sued upon it, and therefore if made by an attorney or agent it must be made in the name of the principal in order that he may be a party, because otherwise he is not bound by it."

The judgment of the General Term should be affirmed.

All concur.

Judgment affirmed.