denied, and that the order appealed from must be affirmed, with costs.

HYATT and HALL, JJ., concur.

## City Court.

*General Term—February*, 1884.

SAMUEL J. AUSTIN ET AL., PLAINTIFFS AND RE-
SPONDENTS, *against* DANIEL R. LYDDY, IM-
PLEADED, &C., DEFENDANT AND APPELLANT.

When a lease or an assignment thereof is under seal, no one not a
party can sue or be sued upon it, nor can a recovery against the
occupant be sustained while such lease or assignment is outstand-
ing in the name of another.

Appeal from a judgment entered in favor of the plaintiffs upon the verdict of a jury.

*James M. Lyddy*, for appellant.

*Walter Large*, for respondent.

MCADAM, Ch. J.—The amount of the first cause of action has (according to the admissions of the parties made upon the argument) been paid, with costs below, and the judgment appealed from is to be reviewed as to the demand for $180, which constitutes the second cause of action stated in the complaint, and in consid- ering the propriety of the verdict, we will direct our attention to that count of the complaint as the sole question presented upon this appeal.

The action is brought to recover the aforesaid $180 for the "occupation" of the fourth loft of premises

Austin *v.* Lyddy.

No. 155 Fulton street, in the city of New York, "hired by the defendants from the plaintiffs" at the rate of $30 per month, payable monthly. The occupation under said hiring is alleged to have continued "from September 1, 1880, to the first day of May, 1881." The evidence shows that the occupation commenced August 20, 1880, and continued up till January 1, 1881. The rent for this period at $30 per month amounts to $130, on which there was paid $60, leaving at most but $70 due, yet the jury rendered a verdict according to the literal provisions of the lease (which will presently be referred to), until it expired by lapse of time on the 1st of May, 1881, so that after all, the real question involved upon this appeal, is whether the defendants are liable on the covenants of said lease.

The lease is in writing, was made by the plaintiffs under seal. The lessees named therein, Washburne & Thean, transferred it by written assignment under seal to one Thomas Lyddy, who agreed to save the assignors harmless from the covenants of said lease.

The assignment bears date August 19, 1880, and it was under this assignment that the defendants by the consent of said Thomas Lyddy, entered into possession. The plaintiffs thereupon executed immediately underneath the assignment an instrument in these words :

" We hereby consent to the above assignment, releasing the assignors from their obligations.

" New York, August 20, 1880.

"AUSTIN & MAGILL.

" Per JOHN MAGILL."

This instrument not only recognized the assignment to Thomas Lyddy, but it discharged his assignors. In other words, it amounted to a novation, by means of

which Thomas Lyddy became in legal effect the tenant, in the place and stead of his assignors.

The consent, it is true, was not under seal, but it was subjoined to an assignment which was under seal, and the lease it transferred was also a sealed instru· ment. The papers were, therefore, for all practical purposes, sealed instruments, and Thomas Lyddy, the person therein, became for all legal purposes the sole person responsible for the rent claimed. No subsequent transfer to the defendants was proved, and there is not sufficient evidence from which such a transfer may be implied. The complaint does not seek to charge the defendants as assignees of the term, nor was the question of such an assignment to the defendants submitted to the jury.

The trial judge submitted the case to the jury upon another theory, which is expressed in his own language as follows : " If you find from the evidence that the assignment was merely nominally to him (Thomas Lyddy), that he was not to take authority under it—that it was not intended to be an assignment to him, but an assignment to the defendants—you must find for the plaintiffs for the rent of the premises $180." There was no evidence tending to show that Washburne & Thean ever intended to transfer the release to any person other than Thomas Lyddy, or that any fraud was practiced upon them or upon the plaintiffs in procuring the execution of the transfer papers. The testimony of James M. Lyddy proves that the assignee was a responsible person, and that the assignee designated, was, in fact, the individual who took possession under the lease, and that such possession continued during the time the defendants are charged with having occupied the premises.

Upon the evidence, we think that the plaintiffs made out no cause of action against the defendants ; that they were not chargeable as assignees of the term ; and

Austin *v.* Lyddy.

that the instruments being under seal the name of Thomas Lyddy cannot be expunged from the transfer and the names of the defendants substituted in his place (see Dean *v.* Roesler, 1 *Hill,* 420; Briggs *v.* Partridge, 64 *N. Y.* 357; Kiersted *v.* Orange & A. R. R. Co., 69 *Ib.* 343; Schaefer *v.* Henkel, 75 *Ib.* 378; 57 *How. Pr.* 57; 7 *Abb. N. S.* 1).

The rule, as we understand it, is that ·when a deed is inter partes—that is, expressed to be between certain named parties—no one who is not a party can sue or be sued upon it, although the contract appear otherwise to have been made for his benefit (Nevins *v.* Gardner, 1 *City Court R.* 407).

For these reasons the judgment must be reversed and a new trial ordered, with costs to the appellants to abide the event.

HYATT, J., concurs.