Per Curiam.
The complaint averred that one De Clark entered into an agreement with the plaintiff. The agreement was made part of the complaint. It witnessed that the plaintiff as party of the first part, for and in consideration of the prices agreed to be paid by De Clark, the party of the second part, agreed to construct and in all respects complete the railway of the Jersey City & Albany Railway Company, in the manner provided in the contract and in specifications annexed to it. The testificandum clause was that the parties “have hereunto severalty set their hands and seals,” and the complaint shows that the parties did in fact set their seals severally to the contract. From this, it would appear that the plaintiff, for a violation of the contract, was confined to a remedy against De Clark, the person making the covenants. The seal forbids *425 an inquiry as to whether De Clark in making the contract was agent for the defendant (Briggs v. Partridge, 64 N. Y. 357 ; Schaefer v. Henkel, 75 Ib. 378; Whitford v. Laidler, 94 Ib. 145). In reference to the suggestion that the contract would have had validity if not sealed, the remark of Judge Miller in Schaefer v. Henkel (supra), is apposite: “It is therefore settled law, that in order to take a case out of the general rule, where the contract is one which is valid without a seal and the seal is therefore of no account, it must appear that the contract was really made on behalf of the principal,” from the instrument, and —or as well as—that the party derived benefit from and accepted and confirmed it by acts on his part. The word principal is here used, perhaps to designate the third party charged as if he were principal, for probably the law on this point makes the contract that of the person who affixes the seal without any principal. Whitford v. Laidler (supra), is to the same effect.
So far from it appearing on the face of the contract, that De Clark signed as agent for a principal, that is, .the railway company, the contrary of it appears, if an addition to the contract and which appears on the face of the complaint, may be considered. It is, that in consideration of one dollar by the plaintiff paid to the railroad company it guaranteed the payments agreed to be paid to the plaintiff by said De Clark in the foregoing contract' A significant provision is, “that in case the. said railway company fails to perform the contract between said company and De Clark so that for any cause, the work is suspended or discontinued on the part of De Clark, then the said De Clark shall have a right to suspend or cancel this contract,” without a liability for damages to the plaintiff. The complaint plainly discloses that the railway company had contracted with De Clark to pay him for the building of the road, he contracting to build it, and De Clark had contracted with the plaintiff to pay for the building of the road, plaintiff contracting to build it, while the railway company guaranteed that De Clark would pay. The obligations of the *426 company are confined to a performance of this guarantee. Upon this, they are not sued. Upon these facts, even if there were an agency, it appears that by force of contract, the plaintiff has relied upon the agent’s promise and credit exclusive of a responsibility of the principal.
The complaint goes on to aver that De Clark “ was not the party in interest in said agreement, and was acting as principal therein at the request of and solely for the Jersey City and Albany Railway Company.” These averments appear from the rest of the complaint to be unfounded, as matter of law. The action is upon the agreement, and as matter of law De Clark was the only party in interest, and the only party to sue or to be sued. Nor would his acting as principal, • at request of the railway company and for the company solely, forbid it being true that what he did made him liable and did not make the company liable on the contract.
Further, if De Clark had been the defendant, the complaint does not show that he was guilty of violation of the contract. The allegations would be that De Clark “ made .default in certain of the agreements on his part in said contract made, as more specifically set forth in items three to seven inclusive of the statement ahnexed to this complaint and marked B, to which said items in the words and figures therein set forth, plaintiff herewith refers, as a part of this complaint, for further and more specific allegations and as a bill of particulars of the default so made, and of the damages resulting to plaintiff thereby.” An examination of one of the so-called items will be enough. The others are not less defective. “ Item No. 5. By the railway company’s failure as per agreement to furnish flat cars in sufficient number so that the ballast unloaders could be used, it was made necessary to send the men who loaded the ballast into the pit, and then out with the train to shovel it off the cars.” There is no provision in the agreement that De Clark or the company should furnish flat cars in numbers sufficient to allow the using of ballast unloaders. The further statement is, “ Also by not furnish *427 ing the track-laying materials as per agreement, so that the track could be laid during the summer season, the ballasting had to be done during the winter season in frost and snow, by which the cost was fully doubled, making a damage of twenty cents per cubic yard on 24,680 cubic yards ballast.” An examination of this would show that for the supposed breach the damages as claimed were not recoverable under the agreement. It is enough, however, to say that no part of the agreement, in the absence of allegations as to facts aliunde, shows that the track-laying materials were to be furnished so that the track could be laid during the summer season. And of all the so-called items it must be said that they contain hints or intimations of the existence of certain facts, and not allegations that they exist.
The second cause of action is averred to be “that during the performance of the work by plaintiff under said contract, plaintiff did at the special instance and request of the said The Jersey City and Albany Railway Company, perform certain extra work and services additional to those agreed to be done in and by the aforesaid contract, which extra work and services are more particularly described and set forth in items numbers one and two of the statement annexed to this complaint and marked B, to which said items in the words and figures therein set forth, plaintiff herewith refers as a part of this complaint for further and more specific allegations, and as a bill of particulars of said extra work. That for the same there became due and payable from said company the sum of $2,101.36, which is a reasonable charge and compensation therefor.” This is defective in omitting to aver as a fact, what was the value of the work and services. The allegations as to reasonable charge and compensation, are matter of opinion and of law.
The mere fact that the failway company requested the plaintiff to perform work and services, apart from circumstances to show that the work was for the benefit of the company or to the detriment of the plaintiff, does not *428 create an obligation to pay for them (Crane v. Baudouine, 55 N. Y. 261; 2 Saund. 137 h). It must be taken from the explicit averment that it was extra work, and from the reference to the contract that has already been considered, that the extra work was such extra work as the contract embraced. By the contract (subd. 13), “No claims for extra work shall be made and allowed.” The subsequent clause shows what the contract intends by the term extra work, “whenever work not contemplated or provided for in this contract shall be required to be done, it shall be commenced only upon receipt of the written order of the chief engineer setting forth the nature of the work and the compensation to be paid therefor,” etc. There is no averment that the chief engineer gave any order in writing for the work. And as it was done under the contract, the party liable for its value, if any one be hable, is De Clark, not the railway company. The averments as to the work being done at the special instance and request of the company signify that the company specially requested that plaintiff should do the extra work under the contract and receive com ■ pensation therefor under the contract. There would be implied no duty or promise on the part of the company to pay. The complaint does not allege that the company expressly promised to pay, and this makes it unnecessary to inquire if there was any consideration for such a promise.
Judgment affirmed, with costs.