By the Court
Ingraham, J
It is very clear that the plaintiff was not entitled to have the contract set forth in the complaint reformed, by inserting Blumenthal’s name in the contract as one of the contracting parties in place of Weinberg. There was no mutual mistake of fact as to the parties to the contract. According to plaintiff’s allegation in the complaint, Blumenthal stated and represented to plaintiff, and caused plaintiff to believe that Weinberg was the true, lawful and equitable owner of said premises, and it was the intention of the parties to make the contract between plaintiff as the purchaser, and the owner of the property as the seller.
It appeared on the trial that the defendant, Weinberg, was the legal owner of the property, and the facts that the property had been purchased with Blumenthal’s money, and that Blumenthal collected the rents of the premises by the permission of Weinberg, did not make Blumenthal the owner.
There was no mistake of fact, or fraud, that would justify the court in changing a contract made by Weinberg, to convey property he owned and which he only could convey, to a contract by Blumenthal, who could convey no title to the property, and who, from the facts *215 proved on the trial had no title to the property itself. Nor did the facts proved on the trial show any liability on the part of Blumenthal to pay any damage sustained by plaintiff in consequence of a breach of the contract by Weinberg. The contract was between Jacob Weinberg, of the first part, and Clark, the plaintiff, of the second part, and by that agreement, the party of the first part, Weinberg, agreed to sell to the party of the second part six lots of land in the city of New York, for the sum of $72,000, and it was under seal. The contract was the contract of Weinberg, the legal owner of the premises. Blumenthal did not, on the face of the agreement, undertake to sell the property or make any contract with the plaintiff, and the only facts upon which the plaintiff claims that the defendant Blumenthal is liable, is that Weinberg held the property as the agent of Blumenthal, and that Blumenthal received the money for the property and was the real principal in the transaction.
It is settled in this state, that a contract under seal, made by an agent in his own name, for- the purchase and sale of lands, is the contract of the agent only, and no one but the party to the contract is liable to be sued upon it (Briggs v. Partridge, 64 N. Y. 357 ; Tuthill v. Wilson, 90 Ib. 423; Williams v. Gillies, 75 Ib. 197).
It appears from the report of the case of Briggs v. Partridge in the court below (39 Super. Ct. 339), that the action was an action in equity for the specific performance, by defendants, as vendees of a contract for the sale of land, and it appeared that the contract sued on was made by Hurlburd as vendee, and was under seal; that Hurlburd was acting solely for, and under direction of Partridge the defendant, who paid or caused to be paid the first payment under the contract; and that said Huiiburd was the agent and trustee of Partridge in the transaction, and the plaintiff asked in that case, if necessary, for the reformation of the written agreement, to enforce which the action was brought. The court dismissed the complaint, which dismissal was sustained by the court of *216 appeals, the court saying : “We find no authority for the proposition that a contract under seal may be turned into the simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof de hors the instrument, that the nominal party was acting as the agent of another,” and cites with approval the rule as declared by Chief Justice Shaw in Huntington v. Knox (7 Cushing, 374), “where a contract is made by deed under seal, on technical grounds no one but the party to the deed is liable to be sued upon it, and, therefore, if made by an attorney or agent it must be made in the name of the principal, in order that he may be a party, because otherwise he is not bound by the deed.”
Plaintiff claims, however, that although the defendant Blumenthal would not be liable at law for a breach of covenant made by his agent Weinberg under his own seal, equity can afford the plaintiff the same right to pursue the undisclosed principal that the plaintiff would have had by direct action at law, had no seal been affixed. to the instrument, and cites as authority for such an action, Story on Agency, §§ 160,162. In section 162, the learned author says: “Indeed, it maybe asserted as a general rule that in all cases where an agent has contracted within the sphere of his agency, and the principal is not by the .form of the contract bound at law, a court of equity will enforce it against the principal,” and cites to sustain that proposition, Clark, executors, &c. v. Vanreinsdyk (9 Cranch, 153); and Dubois v. The Delaware & Hudson Canal Co. (4 Wend. 285).
In the case of Clark, executors, &c. v. Vanreinsdyk, the contract sued on was a bill of exchange not under seal, and in the case of Dubois v. The Delaware & H. Canal Co., the contract on its face appears to be a contract of the Delaware & H. Canal Co., and was signed, Morris „ Woertz, agent for Delaware & Hudson Canal Co., and the action was not in equity, but was an action of assumpsit.
Briggs v. Partridge (supra) was an action for reformation of a contract for specific performance and for dam *217 ages, and was consequently an action in equity like the case at bar, and the court of appeals held in that action plaintiff could not recover.
Williams v. Gillies (supra) was an action in equity for the foreclosure of a mortgage, and where it was proved that the defendant sought to be charged with a covenant in a deed, was one of a copartnership, and that the property was taken in the name of his copartner for the benefit of Gillies, the party sought to be charged. The court reaffirmed Briggs v. Partridge, and held that the oral agreement to enter into a contract to purchase lands, would not bind the principal upon the contract entered into by the agent in his own name under seal. The case of Tuthill v. Wilson (90 N. Y. 423), was an action in equity to foreclose a mortgage where the plaintiffs sought to hold for the deficiency, the real purchaser of the property, the deed to which was taken in the name of the agent, and the action was stated by the complaint as brought against Wilson, as the purchaser from the beginning, and the court held that Wilson could not be held liable upon the original contract of his agent, for the reason that the contract was under seal, signed and delivered by both vendor and vendee, and Wilson could not be made liable upon its covenants.
We are of the opinion that in this state it is now settled that neither in law nor in equity can a contract under seal, made by an agent in his own name, for the purchase of lands, be enforced as the simple contract of the real principal when he shall be discovered.
The case was rightly, disposed of at special term, and the judgment appealed from must be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.