Smith, P. J.
John Marshall died in April, 1872, leaving three sons, Henry S., George and Theron, his only heirs and next of kin. On the 23d of March, 1874, letters of administration upon his estate were granted to John Boyer, the appellant, and the said Henry S. Marshall, one of the respondents. In August, 1885, Thomas Miller; one of the respondents, presented his petition to the surrogate, alleging that the estate of the said deceased was indebted to the petitioner in the sum of forty-seven dollars and thirty cents, the balance of an account alleged to have accrued to him as an undertaker, for furnishing a coffin and taking charge of, and burying the body of the said deceased. The petition also alleged that on the 9th of September, 1879, the said Henry Marshall gave his promissory note to the petitioner for the amount of said account signed by him as administrator, upon which were two endorsements, dated 3rd April, 1880, and 8th February, 1881, respectively, leaving due the balance above stated. The petition prayed that said administrators be cited before the surrogate to render an account of their proceedings, and that they be decreed to pay the petitioner his said debt and interest, with costs. The administrators were duly cited and appeared. Boyer, separately, put in an answer denying his liability, upon several grounds stated in the answer. Marshall did *433 not answer, but be separately presented a petition asking that the accounts of said administrators be judicially settled, and that all persons interested in the estate be cited to attend such settlement. The citation issued upon that petition was addressed to Boyer among others as “ co-administrator,” and was served on him. He appeared and answered denying his liability to account, but he subsequently accounted separately, charging himself with the proceeds of personal property received by him to the amount of $-340.71, and crediting himself the same amount for moneys paid out by him for the estate. The credits included the sum of $72.20, paid for a tax upon the estate of said deceased, and the sum of $128.14, paid for interest upon a mortgage covering the real estate of said deceased. Those items were disputed on the accounting. Boyer produced in evidence a receipt signed by A. E. Tifft, the holder of the mortgage, of which the following is a copy: “ Genoa, April 1,1876. Received . of John Boyer, administrator of John Marshall, deceased, $168.00, interest on mortgage. A. E. Tifft.” He also testified that George and Theron Marshall, and one Hawkins came to him and informed him that the collector had seized a horse which they could not spare and wanted him to pay the tax, and that he did so, advancing his money for the purpose. Aucl he put in evidence a receipt of which the following is a copy: “ Genoa, N. Y., Feb. 1874. Received of John Boyer, $80 tax on John Marshall’s estate for 1873. J. S. Robinson, collector.” The disputed items were disallowed. The claim of Miller was allowed, and ordered to be paid by the administrators, with costs and disbursements to be paid by Henry Marshall personally, and the remainder of the assets, amounting to the sum of $197.46, was ordered to be distributed among the next of kin. Miller was a witness in his own behalf and he testified on cross-examination that he made the arrangements for the funeral with the family; Henry Marshall was one of them.
It is contended by the appellant’s counsel that Miller was neither “a creditor” of the estate nor had he “an interest in the estate or fund ” within the meaning of section 2726 of the Code, and therefore that he had no standing which authorized the proceeding.
It is not material to consider this question.
We think the objection of the petitioner’s want of interest was waived by the action of the administrators. Marshall instituted proceedings for a judicial settlement of their accounts, and Boyer in those proceedings, rendered an account, and in doing so acted voluntarily, for aught that appears. Miller was made a party to those proceedings, and no objection appears to have been taken, even by Boyer, on the ground that he was not interested, until the accounts had been rendered and the proofs closed. In these circumstances, we think the objection *434 tbat Miller had no standing in court, must be deemed to hare been waived by both administrators.
And the question of the status of Miller in respect to the estate is not very material, in view of the fact that his claim is against the next of kin, all of whom are parties to the proceedings for the accounting, and one of whom has recognized the validity of the claim by giving his note therefor, upon which partial payments have been made. The note given by Henry Marshall, although signed by him as administrator, was his individual obligation and did not bind the estate. And that would have been the case, even if he had been the, sole administrator. Taft v. Brewster, 9 J. R., 334; Hills v. Bannister, 8 Cow., 31. Nor did it bind his co-administrator. It did not purport to do so, and it is a familiar rule that persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them. Briggs v. Partridge, 64 N. Y., 357, and cases cited by Andrews, J., p. 363. And Miller testified that he settled with Marshall, and did not ask Boyer to .sign the note. Marshall may therefore be regarded as- having paid, or assumed to pay Miller’s claim by giving his note, and he, being one of those upon whose credit the funeral expenses were incurred, had a claim against the administrators for the .amount so paid, according to the authorities already cited, and .as one of the administrators, he was entitled to have the same .allowed him in the accounting.
This view of the case, disposes of the contention of the appellant that the claim is barred by the statute of limitations. As Marshall was one of the administrators, he was entitled to bring in the claim as a credit against the amount of assets with which he was chargeable, whenever the accounting was had, although more than six years after lie made the payment. Besides the proceeding instituted for the enforcement of the claim, and which, although in the name of Miller, may equitably be regarded as .for the benefit of Marshall, was begun within six years next after the claim of Marshall accrued by the giving of his note.
more serious question arises, upon the disallowance of the items paid by Boyer for tax and interest. The payments were ■established by vouchers, and although there was a discrepancy in amount between the vouchers and the charges, there is no ■question but that both referred to the same transactions, (as' there is no proof of any other of the same nature), and the vouchers exceeded the charges in amount. Boyer claimed that •the payments were made at the request of the next of kin, who, ;as the heirs-at-law, were benefited thereby. The case shows that he so testified, and his testimony in that respect was un- ■ contradicted. The opinion of the surrogate indicates that he ■thought the testimony incompetent under section 2734 of the Code, and he seems to have disregarded it. In that, we think, he *435 was mistaken. The second subdivision of that section, on which, doubtless, the surrogate relied, applies only to a case where no voucher was taken, or if taken, was lost or destroyed. Here, as has be.en said, vouchers were produced and proved.
No other objection to the allowance of these items is suggested in the opinion of the referee, and none occurs to us. It is true the tax was paid before Boyer was appointed administrator, but it being a proper charge against the next of kin, the appointment relates back to it, and gives it the same effect as if it had been made after letters were granted. The fact that George, one of the sons of the intestate, was incapable of acting for himself, and a committee had been appointed for him, does not affect the case, as Boyer himself was the committee, and as such is to be regarded as having requested or assented to the payment of the tax and the interest for the benefit of George.
It is contended by the counsel for Henry Marshall that Boyer has received rents and profits of the real estate, for which he does not account, and therefore he should not be credited with the tax and interest paid. The rents and profits appear to have been received by him as the committee of George, and as such, he is liable to account for them. The tax was paid before he was appointed committee, to save a part of the personal property from sale by the collector, and the interest was paid by Mm not as committee, but at the request of all the next of kin, he and Henry giving their note for it, which was paid by Boyer. He testified that he rented the place on shares, as committee of George, and that out of the rents he paid taxes and George’s debts. This is not disputed, and the only conclusion to be drawn from the whole case is that he is liable to account for the rents as committee and not as administrator.
The charges established by the vouchers should therefore have been allowed to the appellant. The allowance may now be made without sending the case back to the surrogate, as the proof is ample and undisputed. Those items being allowed to the appellant, he has fully accounted, and there is no balance in his hands. So far as the decree requires him to make payment to any one, it should be reversed.
And as the decree has not been appealed from by any other party than Boyer, it should be affirmed so far as it finds a balance in Marshall’s hands of $54.62, and orders him to pay to Miller the sum of $47.61, the balance of Ms claim, being the amount of principal unpaid on said note, and it should be so modified as to require that the sum to be paid by him to Miller for his costs, shall be the balance of assets remaining in Marshall’s hands, to wit, the sum of $6.41, and in all other respects the decree should be reversed. No costs of this appeal are allowed to either party, as there do not appear to be any assets remain. *436 ing, and we see no ground for charging either party personally with costs.
Barker, Haight and Bradley, JJ., concur.
So ordered.