Per Curiam.
The complaint averred that the defendant Ferguson was and is the owner of a certain described lot; that on, etc., by agreement in writing, bearing date on that day, plaintiff employed the defendant Hirsh as her agent for the purchase of said premises from the defendant, Ferguson, at a price not to exceed $51,000, and agreed to pay Hirsh for his services in securing a contract of sale from said Ferguson (the same to be taken in his own name to be assigned by him to plaintiff) the sum of $500, etc., and by which said contract said Hirsh agreed to make all reasonable efforts to purchase said lot of said Ferguson for plaintiff as above stated; that thereafter Ferguson entered into a contract under seal to sell the said lot to defendant Gutwillig for $52,500; that defendant Gut *412 willig is personally related to defendant Hirsh, and defendant Hirsh is the real party in interest.
The complaint, after proffering what was equitable on the part of plaintiff, demanded judgment, that plaintiff is entitled to an assignment of the contract of sale 5 that such assignment be made, and enjoining the defendants and each of them from conveying the contract or the property.
Possibly it might be enough to determine the demurrer, that the complaint did not state a cause, to consider the conclusive legal effect of the contract of sale to . defendant Gutwillig, under such decisions as that of Briggs v. Patridge, 64 N. Y. 357. By those decisions, as matter of law, the only parties having a legal interest in a sealed contract are those that sign it. But as this proposition was not discussed on the argument, it will not be made the ground of the decision here.
The defendant Hirsh having become the agent of the plaintiff, would, if there were no limitations by the rest of the contract, have been held to the performance of the obligations of an agent. And it will be assumed that while an agent he could not deal in respect of the property to his own advantage without becoming liable to his principal, the plaintiff. The maxim legem enim contractus dat, by the contract and not because such would have been his duty as agent to purchase for plaintiff, he was to obtain a contract in his own name for the purchase price of $51,000 and assign it to the plaintiff, and to that end to make all reasonable efforts to purchase said lot.
By the contract, if Hirsh was unable by all reasonable efforts to purchase, to procure a contract at a price of $51,000, he fulfilled the obligations of the contract on his part, and coulcl not be compelled under the contract to assign an agreement for sale for $52,500—the terms being that the plaintiff would become assignee of it if it was for $51,000.
*413 If, indeed, Hirsh, through Gutwillig, bought at $52,500, not having made all reasonable efforts to purchase at $51,000, that perhaps might justify an action for damages from Hirsh’s breach of the contract. The complaint does not set forth such a cause of action.
The allegations of the complaint would not uphold the judgment that is demanded by it.
Judgment and order affirmed, with costs.