(10 App. Div. 130.)

### FARRAR v. LEE.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

1. PRINCIPAL AND AGENT—UNDISCLOSED AGENT—LIABILITY ON BOND.
    Plaintiff cannot hold a defendant liable, as an undisclosed principal, on a sealed instrument which does not mention defendant or purport to have been executed on his behalf, and which he did not sign or seal.

2. PLEADING—LEGAL CONCLUSIONS.
    An allegation that the debt evidenced by a bond executed by a third per-son "was and is the debt of the defendant" is a legal conclusion, and, as such, is not admitted by a demurrer.

Appeal from special term, New York county.

Action by Benjamin F. Farrar against Homer Lee, as an undis-closed principal, on a bond. From a judgment in favor of plain-tiff entered on an order overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George E. Miner, for appellant.
John R. Farrar, for respondent.

RUMSEY, J. The complaint alleges, in substance, that on the 2d of July, 1894, one Michael Tanner delivered to John C. Whitehead his bond, under seal, whereby, for a certain consideration, he bound himself to pay John C. Whitehead the sum of $1,000 on the 2d day of July, 1897, with interest payable semiannually, with the further provision that the whole principal sum should become due upon default in paying the interest for 30 days after notice. The complaint further alleged that the interest on the bond which became due on the 2d of January, 1895, was not paid; that 30 days had expired since notice of the default in that payment was given, and the principal sum remains unpaid. The complaint then contains an allegation that Tanner made and delivered the bond "as and for the act of the defendant, Homer Lee, and for the latter's sole benefit and not for the benefit or interest of himself, said Tanner, in any way, and acting solely and wholly as the agent for the defendant, Lee, who was the undisclosed principal of said Tanner; that said Lee received from said Tanner, for his own use, the money received on said bond, and all the benefits thereof accrued to said Lee, and not to said Tanner, and the debt evidenced by said bond was and is the debt of the defendant, Lee, and not of said Tanner." The complaint further alleges that Whitehead, the obligee in the bond, learned that the debt was the debt of Lee, and not of Tanner, after the delivery of the bond. The complaint alleges the assignment by Whitehead to the plaintiff, under seal, of the bond, and all Whitehead's rights thereunder, and the debt evidenced thereby, and all his rights against Lee. The complaint then contains an allegation that, to provide the plaintiff adequate and complete relief, he is compelled to seek the equitable interference and protection of the court. There follows a demand for relief, which is not necessary to be considered here. To this complaint the defendant demurred upon the ground that it did not state facts sufficient to constitute a cause of action. At the special term the plaintiff had judgment upon the demurrer, from which this appeal is taken.

It appears by the allegations of the complaint that all the transactions which gave rise to the execution of the bond were had solely between Whitehead and Tanner, who gave the bond as his own act, and did not describe himself as the agent of Lee, nor was it understood at that time between him and Whitehead that he was acting for Lee. Indeed, then Whitehead supposed that he was dealing with Tanner alone, as is very evident from the allegations in the complaint. Whatever liability Tanner assumed, it was measured by the instrument under seal which he gave, and any preliminary contract was merged in that instrument, so that, after the giving of that bond, Whitehead had no right of action against Tanner, except such as was assured to him by the obligation which he had taken. Under those circumstances, it is thoroughly settled in this state that he could not maintain an action against any one, except the person who signed and sealed it. As the bond was signed by Tanner in his own name, and not as agent for Lee, it was not competent, by parol evidence, or in any way,

to transfer from Tanner to Lee the obligation which Tanner had assumed personally, upon the theory that he was acting as the agent for Lee. This rule is well settled by authority. Briggs v. Partridge, 64 N. Y. 357; Schaefer v. Henkel, 75 N. Y. 378; Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550.

But it is sought to hold Lee in this action, by the allegation that Tanner delivered a bond for the benefit of Lee, who was the undisclosed principal, and that Lee received from Tanner the money which he received for the bond, and that the debt evidenced by said bond is the debt of Lee, and not of Tanner. Great stress is laid by the plaintiff upon the claim that the demurrer admits the allegation that the debt evidenced by the bond is the debt of Lee, and not of Tanner; and it is claimed by him that, because that allegation of the complaint is admitted, a right of action necessarily follows against Lee. It is quite true that the demurrer admits every fact which is set out in the pleading demurred to, but it admits only facts which are alleged therein. Bogardus v. Insurance Co., 101 N. Y. 329, 4 N. E. 522. It does not admit any legal conclusions drawn from the facts. Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928; Rector, etc., of St. James' Church v. Huntington, 82 Hun, 125, 31 N. Y. Supp. 91. Indeed, the object of the demurrer is to decide whether, admitting all the facts alleged in the pleading, the legal conclusions drawn therefrom by the pleader are correct, and entitle him to the relief which he claims from the facts alleged. The allegation that the debt evidenced by the bond was the debt of Lee is a legal conclusion, and, as such, is not admitted by the demurrer; and whether it is correct or not is the precise question to be decided upon a consideration of the allegations of fact in the complaint, and in examining this complaint this allegation must be excluded from the consideration. Excluding that allegation, there remains, in addition to the claim upon the bond, only the statement that Lee received the money paid to Tanner upon the bond, that Tanner was his undisclosed agent, and that Whitehead did not know those facts when he dealt with Tanner. These allegations are precisely such as were made in the case of Briggs v. Partridge, supra, in which it was held that they were not available to take away from the liability incurred by the obligor of the bond, and transfer that liability to a person who was not named in it. The case of Whitford v. Laidler, 94 N. Y. 145, is not in point. In that case the defendants had made a lease under seal, as officers and agents of a corporation; and it was held that as it was stated in the paper which they signed that they acted only as agents, and it was understood on all hands that they did so act, and as the corporation had adopted their act, and taken possession of the property leased, and paid the rent upon it, the act was the act of the corporation, and not of the persons who executed the lease as its officers. But that case is quite different from the one at bar, and it was put upon the ground that the defendants were acting as agents, and not as principals, and it was for that reason solely that they were held liable. There can be no claim here that the bond does not lie at the foundation of the action.

Indeed, the sole ground, apparently, upon which it is claimed that a right of action has already accrued, is that a default had taken place under the bond, by reason of which it had been agreed that the whole amount of its consideration should become due.   There is no foundation, as we have seen, for a claim against Lee upon the bond, and no facts are alleged from which any other claim could be asserted against him.   The demurrer to the complaint was therefore well taken, and the defendant should have had judgment upon it.

The judgment therefore must be reversed, with costs, and judgment ordered for the defendant upon the demurrer, with costs, with leave to the plaintiff to amend his complaint in 20 days, on payment of the costs of the demurrer and of this appeal.   All concur.