### COATES v. POSNER et al.

#### (Supreme Court, Appellate Term.　June 25, 1909.)

1. CONTRACTS (§ 28*)—ACTIONS FOR BREACH—EVIDENCE.

　　Evidence in an action for breach of a contract by defendants to pay plaintiff, who was a creditor of a third person, a part of such third person's indebtedness and deliver notes for the balance, *held* not to show the existence of the contract.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 133; Dec. Dig. § 28.*]

2. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED AGENCY—LIABILITY OF PRINCIPAL.

　　Certain creditors, among whom were plaintiff and his assignor agreed in writing to accept a certain portion of the debt in cash and the remainder in notes signed by the debtor and indorsed by his wife. Following the agreement, and underneath the subscriptions of the creditors, there was written, "The notes mentioned above are to be delivered within 10 days from the date of this instrument," which was signed by one R. *Held* that, although defendants were undisclosed principals of R., the agreement did not render them liable for a breach of the agreement by failure to deliver the notes specified therein.

　　[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 514; Dec. Dig. § 145.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ora B. Coates against David Posner and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

M. & B. Jaffe, for appellants.

Welch, Heine & Fall, for respondent.

MacLEAN, J.　The complaint alleges that, one Aronowitz being indebted in certain sums to the plaintiff and to plaintiff's assignor, an agreement was entered into, on or about December 8, 1908, between the plaintiff and his assignor and the defendants, wherein and whereby it was agreed for a good and valuable consideration that plaintiff and his assignor should release and discharge said Aronowitz from any and all indebtedness to them, and that defendants in consideration thereof should pay to plaintiff and to his assignor 25 per cent. of said indebtedness, and should within 10 days thereafter deliver to them a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

note or notes of said Aronowitz, indorsed by his wife, for the remainder of said indebtedness; but the answer denies such agreement.

Thus the plaintiff, claiming breach of the agreement through failure to deliver said notes and damage therefor, was put to his proof. He may not be said to have sustained his burden. The plaintiff introduced in evidence "articles of agreement," entered into on December 7, 1908, between said Aronowitz, of the first part, and certain creditors, among whom were the plaintiff and his assignor, of the second part, wherein the parties, "for good and valuable consideration from each to the other in hand paid, agree to accept of said Barnet Aronowitz as full settlement of their respective claims 25 cents on the dollar in cash on the signing of this agreement and the remainder of 75 cents on the dollar each of them agrees to accept notes signed by Barnet Aronowitz and indorsed by his wife." Then follows a provision when said notes are to become due. This was subscribed by the respective creditors, and underneath their subscription appears the following: "The notes mentioned above are to be delivered within 10 days from date of this instrument"—followed by the signature, "L. Rosenzweig." The defendants nowhere appear or are hinted at as parties thereto, therein, or thereon; but the plaintiff sought to impose liability upon them by invoking the doctrine "that a principal may be charged upon a written parol executory contract, entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument," recognized in Briggs v. Partridge, 64 N. Y. 357, 362, 21 Am. Rep. 617.

Even so, and of whatever force and effect the agreement, if any, of Rosenzweig be in that writing, his undisclosed principals, if such these defendants be, may be held to no more extensive promises, e. g., such as to procure and deliver said notes, as their promise would then be to answer for the debt of another, which Rosenzweig, if he be treated as attorney in fact, did not promise to do, and unless in writing, as alleged in the answer of the defendants, would not be binding upon them. Furthermore, beyond a statement that the defendants, relatives of the debtor, Aronowitz, seeking to effect a settlement on his behalf with his creditors, told Rosenzweig to get the creditors together and see if he could effect a settlement, there is no proof that said Rosenzweig was authorized to act for them as attorney in fact and bind the defendants orally or by writing to make Aronowitz sign said notes and his wife to indorse same, and then to deliver them to the creditors within 10 days from the making of the instrument in evidence, which does not purport to be a release of Aronowitz and the substitution of these defendants as new creditors, but an ordinary composition agreement, ineffectual when made, and ineffectual now, plus disappointment. The judgment must be reversed, and the cause remanded.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.