(77 Misc. Rep. 624.)

BAKER et al. v. KILBURN et al.

(Supreme Court, Equity Term, Cattaraugus County.   September, 1912.)

1. FRAUDS, STATUTE OF (§ 116*)—CONTRACTS FOR THE SALE OF REAL ESTATE.
    Under the statute of frauds requiring contracts for the sale of real estate to be subscribed by the grantor or his lawful authorized agent, a contract under seal for the sale and purchase of real estate which purports to be signed by "F. W. B.," as grantor, who agrees to sell, and which provides that the purchaser will pay the price to "F. W. B. or the estate of C. I. B.," is void as to the heirs of "C. I. B.," the owners of the real estate, and cannot be enforced by them.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 251–260;   Dec. Dig. § 116.*]

2. FRAUDS, STATUTE OF (§ 106*)—CONTRACT FOR SALE OF LAND—AID BY PAROL EVIDENCE.
    To constitute a contract, there must be parties, consideration and subject-matter, neither of which can be supplied under the statute of frauds by oral evidence in a contract for the sale of real estate under seal.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 210, 211;   Dec. Dig. § 106.*]

3. VENDOR AND PURCHASER (§ 14*)—CONTRACTS—CONSIDERATION.
    Where the only consideration on which a contract for the sale and purchase of real estate between one as vendor and another as purchaser is based is the covenant on the part of the vendor to sell and of the purchaser to purchase, the covenant of the purchaser to purchase and pay the price is, as to third persons, owning the land, without consideration, and they cannot enforce the contract against the purchaser.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 15;   Dec. Dig. § 14.*]

Action by Elizabeth F. Baker and others against Manley N. Kilburn and another to compel specific performance of a contract to sell real estate.   Complaint dismissed.

Nugent & Heffernan, of Dunkirk, and George W. Cole, of Salamanca, for plaintiffs.

Dowd & Quigley, of Salamanca, for defendants.

BROWN, J.   On February 10, 1911, the defendants and one Fred Baker entered into a written contract, as follows:

"This contract for sale of real estate, made in duplicate this 10th day of February 1911, by and between M. N. Kilburn and Lizzie C. Kilburn, his wife, both of the Town of Little Valley, Cattaraugus County, N. Y., and Fred W. Baker, of the same place, witnesseth: The said M. N. and Lizzie C. Kilburn hereby agree to purchase the farm lying near Little Valley known as the Baker farm, formerly occupied by C. I. Baker, and the said Fred W. Baker hereby agrees to sell to said Mr. and Mrs. Kilburn this farm and to transfer same by a full covenant warranty deed, accompanied by a full title County Clerk's search back to the Holland Land Company, showing free and clear title to said real estate.   It is hereby agreed by all parties that the price on this real property is to be twenty-five dollars per acre for all the land of the farm that said Baker can prove by deed and search showing clear title, belong and are a part of said farm.   It is further agreed by all parties that this transfer shall be made on or about March 6, 1911, and if the above mentioned papers are correct said M. N. and L. C. Kilburn shall deliver to said Baker or the estate of C. I. Baker

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

full payment at the above agreed price of twenty-five dollars per acre. It is also further agreed that all the personal property now on the farm shall be transferred at the same time to said M. N. and L. C. Kilburn, excepting and reserving one set harness, one light stanhope buggy, and one round stove.

"Witness our hands and seals this tenth day of February 1911.
"Witnessed by

| "L. W. Ballard. | M. N. Kilburn | [L. S.] |
| | "Lizzie C. Kilburn | [L. S.] |
| | "Fred W. Baker | [L. S.]" |

The defendants refusing to accept the title tendered in fulfillment of the contract, the plaintiffs, the heirs at law of C. I. Baker and the owners of the real estate, brought this action to compel defendants to accept such title and pay the purchase price. Fred W. Baker is not one of the plaintiffs, neither is he the owner of the premises or of any part thereof. He is alleged by the plaintiffs to be their duly authorized agent. The defendants allege in their answer that the contract for the sale of the Baker farm is not in writing, subscribed by the grantors or their lawful authorized agent, and is void under the Real Property Law (Consol. Laws 1909, c. 50).

[1] The contract purports to be signed by Fred W. Baker as grantor. He undertakes to convey; he agrees to sell. From all that appears on the face of the contract he is the grantor. With this contract the plaintiffs have nothing to do. They are complete strangers to it. It does not appear from the contract that Fred W. Baker acted as agent for any one, much less the plaintiffs. Their names do not appear in it. While it is true that the defendants agreed to pay the purchase price to Fred W. "Baker or the estate of C. I. Baker," yet that fact stated in the contract does not show that Fred W. Baker was the duly authorized agent of the plaintiffs, and that they have covenanted in the contract to sell the real estate to the defendants. The statute requires the contract to be subscribed by the grantor or his lawful authorized agent. It does not appear from the contract that the plaintiffs are the grantors. The plaintiffs now claim to be the principals in this contract; that they, being owners of the Baker farm as heirs of C. I. Baker, deceased, and the proposed grantors thereof, can take the place of Fred W. Baker in the contract, he having signed his name thereto, and act in his name and stead as the grantors, and satisfy the requirements of the statute of frauds, simply by proving that Fred W. Baker was orally authorized by them to sell the farm as their agent. While it may be true that the authority of an agent to make a contract of sale of real property may be created by parol, yet the difficulty lies in the fact that the agent does not assume to bind the plaintiffs to make the sale. The contract, so far as the plaintiffs are concerned, is not in writing; they have not undertaken to sell; they do not agree to sell either as principal or through their agent.

[2] It is elementary that three things are essential to constitute a contract—the parties, consideration, and subject-matter—neither of which can be supplied by oral evidence in a contract for the sale

of real estate under seal. If Fred W. Baker were the owner of this farm, it would be a valid contract, for he would be the grantor; but, the plaintiffs being the grantors, they have not signed, even through their agent. If the contract had recited that the plaintiffs, naming them, agreed to sell, and it was signed as it now is signed, a far different question would be presented. It is very difficult to see how the plaintiffs acquire any rights under this contract. They are not parties to it. For the purpose of compelling the defendants to accept plaintiffs' deed in compliance with the terms of the contract, it should appear somewhere in the contract that the defendants agreed to accept the plaintiffs' deed. The plaintiffs are not bound to convey under the contract. It is not signed by the grantors. As to these plaintiffs, it is void, and cannot be enforced by them. The names of the contracting parties must appear in the contract. Clason v. Bailey, 14 Johns. 486; Calkins v. Falk, 39 Barb. 620; Marston v. French (Com. Pl.) 17 N. Y. Supp. 509. The names of the vendors not being stated, nor any description by which they could be identified, the omission is fatal and the contract is void. Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514. Even assuming that Fred W. Baker may be treated as the grantor to satisfy the statute of frauds, such assumption does not aid the plaintiffs. There is no privity between them by assignment or otherwise. They cannot have the benefit of defendants' covenant. The contract is not a simple contract; it is a specialty. The last clause reads: "Witness our hands and seals this tenth day of February 1911." It then becomes the special contract and covenant of Fred W. Baker. There was no mutuality in the contract on the part of the plaintiffs to convey to the defendants, and on the part of the defendants to purchase of the plaintiffs.

In Townsend v. Hubbard, 4 Hill, 351, a contract under seal to sell real estate stated that it was made by the plaintiffs by B., their attorney, concluding in witness whereof B. as attorney for plaintiffs set his hand and seal, being signed by B. It was held that the plaintiffs had not agreed to sell, that it was not their covenant, and that they could not maintain an action on the contract to recover the purchase price. In Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617, Townsend v. Hubbard, supra, is cited with approval, and it is held that an executory contract under seal for the purchase of lands, executed by the vendee in his own name, cannot be enforced as a simple contract of another not mentioned in, or a party to, the instrument, on proof that the vendee named had oral authority from such other person to enter into the contract, and acted as his agent in the transaction.

In Kiersted v. O. & A. R. R. Co., 69 N. Y. 343, 25 Am. Rep. 199, the lease was signed and sealed by the plaintiffs and by Smith in his individual capacity, and, although it recited that Smith was agent of the defendant, it did not purport to be executed for or in its behalf; the court holding:

"The covenants of the lessee in the lease were his, and not those of the corporation which composed the lines of railroad for which he was agent. They were not bound by the lease. * * * And, if he had been authorized to lease the premises for the defendants, that authority was not executed. The form of the lease made him the lessee, and the covenants in a deed can only be enforced against the party who upon the face of the instrument is the covenantor, although it appears by extrinsic proof that he acted as the agent for another"—citing Taft v. Brewster, 9 Johns. 334, 6 Am. Dec. 280; Stone v. Wood, 7 Cow. 453, 17 Am. Dec. 529; Guyon v. Lewis, 7 Wend. 26; Briggs v. Partridge, supra.

Chief Judge Church, in Williams v. Gillies, '75 N. Y. 202, said:

"This court has recently held that oral authority to enter into a contract to purchase lands would not bind the principal upon a contract entered into by the agent in his own name under seal"—citing Briggs v. Partridge, supra.

In Schaefer v. Henkle, 75 N. Y. 378, the rule is stated to be that where it distinctly appears from the instrument executed that the seal affixed is the seal of the person subscribing who designates himself as agent, and not the seal of the principal, that the former only is the real party who can maintain an action on the same. This action was brought by owners of premises to recover rent agreed to be paid by defendant in a lease executed by B., who signed and sealed it as agent, the name of the plaintiff (the principal) not appearing, the court quoting from Briggs v. Partridge, supra, as follows:

"We find *no* authority for the proposition that a contract *under seal* may be turned into the *simple contract* of a party not in any way appearing on its face to be a party to or interested in it, on proof *dehors* the instrument, that the nominal party was acting as the agent of another."

To render the principal liable, where there is a contract by deed, made by an attorney or agent, it must be made in the name of the principal.

It was said in Farrar v. Lee, 10 App. Div. 130, 41 N. Y. Supp. 672, that as the bond was signed by Tanner in his own name, and not as agent for Lee, it was not competent, by parol evidence or in any way, to transfer from Tanner to Lee the obligation which Tanner had assumed personally, upon the theory that he was acting as the agent for Lee.

In Henricus v. Englert, 137 N. Y. 494, 33 N. E. 552, it was said:

"But, where an instrument is under seal, no person can sue or be sued to enforce the covenants therein contained, except those who are named as parties to the instrument and who signed and sealed the same."

The cases cited by the plaintiffs—Dykers v. Townsend, 24 N. Y. 57; Lee v. Adsit, 37 N. Y. 78; Coleman v. First National Bank, 53 N. Y. 388; Brady v. Nally; 151 N. Y. 258, 45 N. E. 547; Meeker v. Claghorn, 44 N. Y. 349; and Jessup v. Steurer, 75 N. Y. 613— were all actions based upon simple contracts, and the rule undoubtedly is that such a contract can be enforced against the real principals. In City Trust Co. v. American Brewing Co., 70 App. Div. 511, 75 N. Y. Supp. 140, the action was not founded upon a sealed contract, to wit, the bond; but it was based upon the common-law liability of "the defendant, an undisclosed principal, to recover the

money which the plaintiff as surety was compelled to pay for the defendant's benefit." The distinction between the liability of principals to a simple contract and to a contract in specialty is pointed out in Woodhouse v. Duncan, 106 N. Y. 531, 13 N. E. 335, where it is said:

"As the charter party was not under seal it was competent for the plaintiff to show that it was executed by Duncan & Poey, not only for themselves but as representing all those who chartered the steamship."

[3] The only consideration upon which the contract between Fred W. Baker and the defendants is based is the covenant and agreement on the part of Fred W. Baker to sell and of the defendants to purchase. As the covenant to sell is that of Fred W. Baker, and as there is no covenant on the part of the plaintiffs to sell, the promise of the defendants to purchase and pay is, so far as the plaintiffs are concerned, without any consideration.

The plaintiffs cannot enforce the contract against the defendants, and their complaint must be dismissed, with costs.