(39 Misc. Rep. 144.)

### LEASK v. HORTON et ux.

(Supreme Court, Special Term, Nassau County. October, 1902.)

**1. CONVEYANCE IN FEE—SEAL.**

Under the real property law (Laws 1896, c. 547, § 208), providing that a conveyance of land should be subscribed at the end, a seal is not required, to convey real estate in fee.

William Willett, Jr., for plaintiff.
Frederick L. Gilbert, for defendants.

GAYNOR, J. The question is whether a deed, i. e., a writing under seal, is still necessary to convey real estate in fee. At first in England such conveyance could be without any writing, viz., by certain overt acts constituting livery of seizin. Afterwards a written conveyance by the grantor signed with his name or the sign of the cross or both came into use. After the Conquest the grantor's seal without signing sufficed according to the Norman custom, each having a distinct seal. In this way it came finally to be the common law that a seal was necessary but signing was not. So it remained until the enactment of the statute to prevent frauds (29 Car. II, c. 3; re-enacted in this state by chapter 44, Laws 1787), which in express words made signing necessary. Though this statute requiring signing was silent about sealing, it was held not to do away with the common-law requirement of sealing, but only to create the additional requirement of signing. Jackson v. Wood, 12 Johns. 73; 2 Bl. Comm. 305; 4 Kent, Comm. 450; 3 Washb. Real Prop. c. 4, § 2.

This was the state of the law until our Revised Statutes of 1830 were enacted. It was therein provided (1 Rev. St. p. 738, § 137) that a conveyance of land in fee should be "subscribed" (i. e., signed at the end, instead of the writing of the name in any part sufficing, as was held to be the case under the statute of frauds, which formerly only used the word "signed"), and sealed. James v. Patten, 6 N. Y. 9, 55 Am. Dec. 376. The enactment was that "every grant in fee or of a freehold estate shall be subscribed and sealed," etc. It was entirely new, and (as may need to be observed) no part of the statute of frauds, but a separate and independent enactment. The statute of frauds is found entire, including the provisions thereof relating to real estate, and referred to above, in another part of the revision, but with the word "signed" changed to "subscribed."

¶ 1. See Deeds, vol. 16, Cent. Dig. § 99.

The said section 137 of the Revised Statutes remained in the same words until the revision, in 1896 (chapter 547) in one statute called the "Real Property Law" of all statutes relating to real property. Section 208 of this law, which is the substitute for the said section 137 of the Revised Statutes, dropped the words "and sealed." It is claimed that this changed the law, and that to subscribe now suffices without sealing.

If the original enactment in the said section 137 of the Revised Statutes had only been that the conveyance should be subscribed, nothing being mentioned about sealing, that would not, it seems, have done away with the common-law requirement of a seal, any more than the prior enactment in the statute of frauds requiring signing had done; it would only have been the addition to the common-law requirement of sealing of another requirement. It would not have abrogated the common-law requirement of a seal by repugnancy. But the enactment was that it should be subscribed and sealed, thus being a declaration of all of the law on the subject, viz., of the common-law requirement of sealing, and the statute requirement of subscribing. The dropping of the words "and sealed" from the said revision of 1896 may therefore denote a legislative intention which an omission of such words originally would not have denoted, i. e., to do away with the requisite of sealing.

But it is claimed that in giving this construction to the said section 208 we encounter the rule that the repeal of a statute provision either declaratory of or repugnant to the common law is a return to the common law (Suth. St. Const. § 168; Lowenberg v. People, 27 N. Y. 336); and that therefore the repeal by such section of the statute requirement of a seal, by the dropping of the words "and sealed," is a return to the common-law requirement of a seal. While this rule is still in existence, not being abolished by statute (St. Const. Law, § 31), I do not think we get foul of it. We go to one side of it by another rule. Section 137 of the Revised Statutes of 1830 by embracing the whole subject-matter took it out of the realm of the common law and into the realm of statute law; and when that is the case with a statute, while the entire repeal of it revives the common law which it repealed or was declaratory of, a change of it by revision is a change of the law. In other words, the revision of a statute which embraces an entire subject is also construed to embrace the entire subject, i. e., to take the place of the prior statute and operate exclusively, the same as it did. Suth. St. Const. § 154; Com. v. Cooley, 10 Pick. 37; State v. Wilson, 43 N. H. 415, 82 Am. Dec. 163.

A subsequent part of the real estate law seems to manifest a contrary intention. Section 223 makes lawful a short form of conveyance which it sets out in full, and which is there labelled "Deed with Full Covenants" at its top, and ends with the following attestation clause: "In witness whereof the said party of the first part hath hereunto set his hand and seal," etc.; the intention that the conveyance should be sealed being thus apparently twice expressed. The same section permits any other form to be used, but it is not conceivable that the legislative intention was that though such short form if used should be sealed all other forms need not be.

But on the whole these apparent manifestations of intention contrary to that manifested by section 208 are not real, but the result of sheer slovenliness in the draftsman.   The said label is not part of the form, and the word "deed" was unscientifically used in the sense of conveyance.   Nor is the attestation clause a substantial or necessary part of the form; and the mere fact of its calling for a seal is not wholly inconsistent with seals being made unnecessary but merely optional in the same statute.

Judgment for the defendants.