(42 Misc. Rep. 89.)

ROE v. SMITH et al.

(Supreme Court, Special Term, Orange County. December, 1903.)

1. EXECUTORS—CONTRACTS—SALE OF REALTY.
Where two executors were authorized by will to sell the lands of the estate as trustees, a written, unsealed agreement, purporting to be that of such executors, signed by one only of them, who had been authorized by the other executor to act for him in signing the contract, is enforceable.

Action by George M. Roe against Harry B. Smith and Charles P. Smith to compel specific performance of a contract to sell land. Judgment for plaintiff.

M. N. Kane, for plaintiff.
Bacon & Merritt, for defendants.

GAYNOR, J. The will of the deceased devised the land to the defendants as executors in trust with power to sell at the expiration of the trust and distribute the proceeds among the testator's children. The defendants both, and together, entered into an oral agreement to sell the land, and the contract was reduced to writing at their direction; but when it afterwards came to the signing, the defendant Charles P. Smith did not sign, and was not present at the signing, but he authorized and directed the other defendant to act for him in the signing, and to sign. The contract by its terms purports to be by both, but it is only signed by the one, and by his name only.

The one being authorized by the other, his signing binds both, the contract not being under seal. It is the same as the case of an agent signing his own name instead of that of his principal to an executory contract; the principal is bound, and oral evidence to prove that he authorized the agent to sign is not excluded by the statute of frauds. Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617.

The rule that delegated authority involving the exercise of judgment and discretion cannot be redelegated is not in the way. The trust authority to agree to sell was not delegated; no exercise of judgment and discretion was delegated; only the formal signing was delegated after the terms of the contract had been agreed upon.

Judgment for the plaintiff with costs.