STANTON v. GRANGER et al.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

1. EVIDENCE—PAROL EVIDENCE—EXCLUSION—NATURE OF RULE.

The rule forbidding the varying of a written contract by parol is not a mere rule of evidence, but is a part of the substantive law.

2. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—CONTRACT UNDER SEAL—SPECIFIC PERFORMANCE.

A contract for sale of real estate, executed under seal by T., on its face the personal contract of T., and in no way indicating that there were other parties to it than those executing it, cannot, by means of a complaint alleging agency and ratification on the part of the undisclosed principal, not denied, be made the basis of an action for specific performance on the part of such principal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 515.]

3. SAME—"RATIFICATION."

"Ratification," as it relates to the law of agency, is the express or implied adoption of the acts of another, for whom the other assumes to be acting, but without authority; so that, where a contract under seal purports to be that of the person executing it, ratification of it by another does not make it his contract.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 5928–5932; vol. 8, p. 7778.]

4. SAME—CONFIRMATION.

Confirmation by another of a contract under seal, purporting to be the contract of the one executing it, does not make the other a party to it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 662, 663.]

Gaynor and Hooker, JJ., dissenting.

Appeal from Trial Term.

Action by Amelia P. Stanton against Ralph Granger and Edmund Thelan. From a judgment sustaining defendant Granger's demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Thomas P. Mulligan, for appellant.
John D. Fearhake, for respondent.

WOODWARD, J. The plaintiff brings this action to compel specific performance of a contract for the purchase of real estate; the contract being under seal and executed by Edmund Thelan, as party of the first part, and Katharine P. Stanton, plaintiff's assignor, as party of the second part. The complaint alleges, upon information and belief:

"That immediately after the execution of said agreement, marked 'Exhibit I,' the defendant Edmund Thelan notified the defendant Ralph Granger of the execution thereof, and of the receipt by said defendant Edmund Thelan, for and on behalf of defendant Ralph Granger, of the sum of five thousand dollars from said Katharine P. Stanton pursuant to said agreement, and that thereafter, and between the date of the execution of said agreement and the month of December, 1905, the defendant Ralph Granger, with full knowledge of the execution of the agreement marked 'Exhibit I' and the receipt by the said Edmund Thelan of said sum of five thousand dollars from the said

Katharine P. Stanton for and on behalf of the said defendant Ralph Granger, did communicate and negotiate with the defendant Edmund Thelan in relation to and for the purpose of consummating the sale as provided in said agreement marked 'Exhibit I,' and the said defendant Ralph Granger, with full knowledge as aforesaid, did between the 11th day of September, 1905, and the month of December, 1905, notify and instruct the defendant Edmund Thelan to consummate the sale of said premises pursuant to said agreement, and to deliver a deed of said premises which was duly executed by the defendant Ralph Granger and his wife, and then held by defendant Edmund Thelan, or under his control, to said Katharine P. Stanton; and the said defendant Ralph Granger did, with full knowledge of the execution of said agreement marked 'Exhibit I,' and of the receipt by said defendant Edmund Thelan, for and on behalf of the defendant Ralph Granger, of the sum of five thousand dollars from said Katharine P. Stanton under and by virtue of the terms of said agreement, in all respects fully ratify and confirm the same, and the execution of the said agreement marked 'Exhibit I' by the defendant Edmund Thelan and of all the acts, matters, and things done by said Edmund Thelan in the premises."

· The complaint alleges that the defendant Ralph Granger employed the defendant Thelan as his agent in writing, authorizing him to sell the premises in dispute, and that on the 11th day of September, 1905, while this authority was in force, the—

"defendant Edmund Thelan, under and by virtue of said authorization and as agent of and in behalf of the defendant Ralph Granger, entered into an agreement in writing with one Katharine P. Stanton, wherein and whereby the defendant Edmund Thelan, in terms personally, but as a matter of fact as agent and in behalf of the defendant Ralph Granger, agreed to sell and the said Katharine P. Stanton agreed to buy, the said real property, which said agreement, marked 'Exhibit I,' is hereunto annexed and made part hereof."

The defendant Granger demurred to the complaint upon the ground that as to him it did not state facts sufficient to constitute a cause of action, and the demurrer has been sustained; the plaintiff appealing from the interlocutory judgment entered upon the decision. This case coming up on demurrer, of course, all facts which are well pleaded are admitted, and upon the face of the complaint there would seem to be highly equitable reasons why the defendant Granger should be called upon to fulfill the contract entered into in his behalf by the defendant Thelan; but the difficulty is that the agreement which the plaintiff seeks to enforce against the defendant is under seal, and is made with the defendant Thelan as principal, with no intimation whatever that he is acting for any one other than himself. It is Thelan who covenants to sell. It is Thelan who covenants to secure a loan for the plaintiff's assignor and to "execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, * * * a proper deed," etc. He does not pretend to act in the place of Granger in any particular. So far as the contract is concerned, we should not even know that Granger lived, or that he had ever lived; and the question presented here is whether a contract under seal can, by means of a complaint alleging agency and ratification on the part of the undisclosed principal, and not denied, be made the basis of an action for specific performance on the part of one who did not seal the instrument, and who was in no wise disclosed as being a party to the same.

If the rule which forbids parol evidence to vary the terms and conditions of a written contract was merely a rule of evidence, it might

be held that by a failure on the part of a defendant to deny the allegations of the complaint, alleging extraneous matters, would result in giving these facts a place in the case, to be treated as other facts are treated; but the better opinion is that this rule is more than a rule of evidence. It is a part of the substantive law. Wigmore on Evidence, § 2400; 21 Am. & Eng. Ency. of Law, 1079. That is, when two or more parties have deliberately and solemnly entered into an agreement for a lawful purpose, upon a proper consideration, and have reduced this agreement to writing, they have consummated a legal act, which, with reference to all controversies between them in respect to the subject-matter, is conclusively fixed. "When," says Wigmore (section 2425), "a legal act is reduced into a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act;" and being legally immaterial, they cannot be brought into the controversy, either in the guise of evidence or under the pleadings. The parties must stand upon the contract as they have made it; and, while the rigidity of this rule has been modified in some degree in the case of simple contracts not under seal, we find no case in which there has been a departure where the contract has been under seal, and where the contract upon its face did not indicate in some way the fact that there were other parties to the contract than those actually executing the same. The rule has been recognized consistently from Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617, to Spencer v. Huntington, 183 N. Y. 506, 76 N. E. 1109, affirming on opinion below (100 App. Div. 463, 91 N. Y. Supp. 561), and it is now too late to make any change in the law, were such a change desirable.

It is true that in the case of Briggs v. Partridge, supra, there was a suggestion that the alleged principal might, by receiving a benefit or by ratifying the contract, be made liable in some way, and the pleadings in this case do allege ratification on the part of the alleged principal. But if we analyze the allegations we shall find that they fall short of a legal ratification of the contract as the contract of the defendant Granger. The complaint does allege that the defendant Granger employed the defendant Thelan to sell the premises, authorizing him in writing; but this alleged writing is not set forth, nor is it pretended that it went any farther than an agency to sell as a broker, which is not a power to convey the premises. It is then alleged that the defendant Thelan, in pursuance of this written authority, the extent of which is not shown, entered into a contract with Katharine P. Stanton, in which Thelan covenanted to sell and the said Katharine P. Stanton to buy the said premises; that she paid to Thelan, as agent of Granger, the $5,000 agreed upon in the contract to be paid on delivery of the same; and that the defendant Thelan notified the defendant Granger of the making of the contract and of the payment of the $5,000. It is further alleged that Granger subsequently had some negotiations with Thelan, and that Granger delivered a deed of himself and his wife to Thelan to enable the latter to carry out his contract with the said Katharine P. Stanton, and, finally, that the defendant Granger did, "with full knowledge of the execution of said agreement

marked 'Exhibit I' and of the receipt by said defendant Edmund Thelan, for and on behalf of the defendant Ralph Granger, of the sum of five thousand dollars from said Katharine P. Stanton under and by virtue of the terms of said agreement, in all respects fully ratify and confirm the same, and the execution of said agreement marked 'Exhibit I' by the defendant Edmund Thelan, and of all the acts, matters, and things done by said Edmund Thelan in the premises." If the pleader, by the use of the words "ratify and confirm," means to say that the defendant Granger, knowing all of these facts, acquiesced in them, what does this import? He had no power to prevent Thelan from making the contract which is made a part of this complaint. Thelan had a perfect legal right to contract to sell and deliver a deed of these premises on a certain date, and the fact that he did not own them has no bearing upon the question. He had a right to contract to do an impossible thing, where it was not unlawful, and the fact that Granger knew of the making of the contract did not bind him to enable the defendant Thelan to perform his contract; nor is there anything in the pleadings to show that the defendant Thelan was authorized to accept payment of the purchase price. But the rule is well settled that, where words have a well-defined legal meaning, they are to be understood in that sense, unless there is obvious reason to believe that they were otherwise intended, and we must look to the definition of these words.

Ratification, as it relates to the law of agency, is the express or implied adoption of the acts of another by one for whom the other assumes to be acting, but without authority. 1 Am. & Eng. Ency. of Law, 1181, and authorities in note 2. Thelan did not assume to act for Granger in the execution of the contract. There is no suggestion in the contract that he is acting for any one other than himself, and the defendant Granger as a matter of law had no more authority to ratify this contract than he would have authority to ratify a contract for the construction of the enlarged Erie Canal between a contractor and the state; he being a stranger to the transaction. The contract was complete and binding between the only persons who were parties to it, and it could not be given any larger effect than its terms fixed, by any ratification. Suppose, for instance, that Granger, after his alleged ratification, had attempted to enforce the contract against Katharine P. Stanton. Would he have been in any better position because of his alleged ratification? If not, then the plaintiff, as the assignor of Katharine P. Stanton, cannot gain any rights, or make one a party to a sealed instrument, who was not a party at the making of the same, assuming, of course, that there is no fraud, and none such is alleged here. We find no definition of the word "confirm" which in any measure serves to help the plaintiff in this case; for the confirmation of the contract under seal would not in any way make the defendant a party to the covenants in the agreement, and it is these covenants to convey that the plaintiff seeks to enforce. The defendant Granger has never promised the plaintiff or her predecessor that he would convey the premises, and in the absence of fraud the contract between

Thelan and Katharine P. Stanton cannot be made a contract between the latter and Ralph Granger, either by pleading or parol evidence.

The interlocutory judgment appealed from should be affirmed.

Interlocutory judgment affirmed, with costs. JENKS and MILLER, JJ., concur. GAYNOR, J., reads for a reversal, with whom HOOKER, J., concurs.

GAYNOR, J. (dissenting). This is a suit by the purchaser for the specific performance of a contract for the sale of real estate. The contract is under seal, and made in the name of the plaintiff as purchaser and one Thelan as seller, and signed by them apparently as principals. Thelan is made a defendant, as is also the owner, Granger. The complaint alleges that Thelan was authorized in writing by Granger to sell the land. Granger's demurrer to the complaint that it does not state facts sufficient has been sustained below on the ground that the contract being under seal it may not be shown to be his contract by evidence dehors the instrument.

The statute of frauds requires that a contract for the leasing for a longer period than one year, or for the sale of lands, is void unless the same, or some note or memorandum thereof, be in writing, and "subscribed by the lessor or grantor, or by his lawfully authorized agent." 2 Rev. St. p. 134, pt. 2, c. 7, tit. 1, §§ 8, 9; Real Property Law, Laws 1896, p. 602, c. 547, § 224.

The statute of frauds does not require the agent's authority to be in writing. The way of conferring authority on the agent not being prescribed by it, that is left to the general law of agency. That prescribes that an agent may not bind his principal by executing in the name of such principal an instrument required by law to be under seal in order to be valid, unless authorized thereunto by seal. But if an agent not authorized by seal execute an instrument under seal in the name of his principal which is not required by law to be sealed, evidence of his authority, oral or written, to make a simple contract for his principal is competent, and the seal, being superfluous, will be disregarded, and the instrument held good as a simple contract. Worrall v. Munn, 5 N. Y. 229, 55 Am. Dec. 330; Lawrence v. Taylor, 5 Hill, 107; Ford v. Williams, 13 N. Y. 577, 67 Am. Dec. 83; Haight v. Sahler, 30 Barb. 218.

Now this is really the case before us. It is true that the agent, instead of making this contract of specialty in the name of his principal, made it in his own name; but this can make no difference, for a simple contract made in his own name would bind his principal, the same as if made in the name of the principal (Matter of Hoffman's Estate, 42 Misc. Rep. 90, 85 N. Y. Supp. 1082, and cases supra); and, as we have seen, a specialty made in the name of the principal without authority by seal, would nevertheless bind the principal as a simple contract if the seal was needlessly used. Why, then, should a needless use of the seal make a difference in the one case and not in the other? Since a simple contract made by the agent

in his own name, but for the principal, has the same effect in binding the principal as if made in his name, and since a needless seal used in the latter case will be disregarded, why not also in the former? Both cases are alike, i. e., if a seal had not been used the principal would be bound, and therefore if the seal may be ignored because needless in the one case it must be so treated for the same reason in the other. There is nothing to rest a distinction on, for individual seals are no longer used, but a mere common wafer, or even a printed scroll, if the use of individual seals could make a distinction. When the reason of a rule ceases the rule ceases. Much archaic and vexatious law has resulted from disregard of this maxim.

The case before us must not be confounded with the decision in the case of Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617, and in the cases which follow it. Kiersted v. O. & A. R. R. Co., 69 N. Y. 343, 25 Am. Rep. 199; Schaefer v. Henkel, 75 N. Y. 378; Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561; Id., 183 N. Y. 506, 76 N. E. 1109. These were common-law actions for damages for breach of contract, and when produced the contract was found to be a specialty, and that one party or the other was not a party to it, and a dismissal of the complaint had to follow, for the cause of action alleged was not made out. This was exactly the case of Briggs v. Partridge, and all that was presented for decision and could therefore be decided therein; and the other cases in no way enlarge that decision, although the language in some of the opinions may be large—larger than the case called for or, therefore, permitted. Text-books, no matter how broad their language, must also be limited by the true extent of these decisions where they depend on them for authority. Mechem on Agency, § 702; Pom. on Sp. Per. § 79.

But the present case is a suit in equity, in which the complaint alleges that although the agent made the contract of specialty in his own name, he was authorized by the principal, the owner of the land, to sell it for him, and that he made the contract for him, and a court of equity is asked to disregard the seal and enforce specific performance of the contract as a simple contract, which the agent was authorized to make, although he was not authorized to use a seal for his principal. The nature of the suit and the complaint enable the court to disregard the needless seal and give effect to the authority which the agent had to make a contract of sale binding on his principal. Inasmuch as the lack of a seal to a conveyance of land was always disregarded in equity, and the conveyance held to be effectual, although the rule in the common law courts was the reverse (Wadsworth v. Wendell, 5 Johns. Ch. 224; Bernards Township v. Stebbins, 109 U. S. 349, 3 Sup. Ct. 252, 27 L. Ed. 956), it would be strange indeed for equity to hold that the affixing of a seal to a contract made by an agent for his principal and by his authority, which would be good without a seal, cannot be disregarded as superfluous. And surely in this state where even

the necessity of a seal to a conveyance of land is altogether abolished by statute (Leask v. Horton, 39 Misc. Rep. 144, 79 N. Y. Supp. 148), it is time to relax in common-law actions as well as in equity the strict rules of the common law in respect of seals.

The contrariety of early decisions or dicta on the effect of a seal on an instrument signed by an agent, in respect of the agent's authority, is due to failure to distinguish between the cases of instruments which had to be sealed to be valid and of those which had not.

The reason given for not allowing evidence dehors the sealed instrument to show that it is the contract of the principal of one in whose name it is made, i. e., that it would be changing the terms of such instrument, sounds strange indeed when it is remembered that the rule against changing or varying written contracts by evidence dehors is not a rule confined to sealed contracts, but relates to all written contracts, and that it is concededly permissible that evidence dehors a written simple contract may be given to disclose a principal to it who is not named in it, as that is not changing or varying its terms. This can no more be so in respect of simple contracts than of specialties, and it being true of the former it must be true of the latter.

In filing this dissent I suppose I feel as Chief Judge Marshall did in United States v. Nelson et al., 2 Brock. 75, Fed. Cas. No. 15,862, for it is often a vain thing to go against the trend of authorities, however ill considered or unscientific, or even of apparent authorities, in the law.

The judgment should be reversed.

HOOKER, J., concurs.