PIRETTI et al. v. FIRESTONE TIRE & RUBBER CO.

(Supreme Court, Appellate Term.   January 21, 1910.)

1. EVIDENCE (§ 442*)—WRITTEN CONTRACTS—PAROL AGREEMENTS.

The rule forbidding any addition to or contradiction of a written contract complete on its face by testimony showing that at or before the signing of the contract further or different agreements were orally agreed on by the parties is a rule of substantive law, and parties signing a memorandum expressing all the terms essential to a complete contract are conclusively bound thereby.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1874; Dec. Dig. § 442.*]

2. EVIDENCE (§ 441*)—PAROL EVIDENCE—VARYING WRITTEN INSTRUMENTS.

While prior and contemporaneous oral agreements may be shown to reform or cancel a written contract, yet while the contract stands unreformed or uncanceled the prior or contemporaneous oral agreements are inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2030; Dec. Dig. § 441.*]

3. TRIAL (§ 105*)—PAROL EVIDENCE—VARYING WRITTEN INSTRUMENTS—FAILURE TO OBJECT TO EVIDENCE.

Though evidence varying a written contract complete on its face is received without objection, the party against whom it is admitted may claim that it shall not be considered against him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 265; Dec. Dig. § 105.*]

4. EVIDENCE (§ 442*)—PAROL EVIDENCE—VARYING WRITTEN CONTRACT.

A memorandum for advertising in a journal, fixing the price per issue and providing for 12 insertions of the advertisements, and thereafter until stopped, for which the fixed price per month will be paid, is complete on its face, and evidence of a parol agreement for only 3 insertions absolutely, with the privilege of stopping at the third, sixth, ninth, or twelfth, is inadmissible, either to add a stipulation to the contract or to modify it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1899; Dec. Dig. § 442.*]

5. EVIDENCE (§ 411*)—PAROL EVIDENCE—ADMISSIBILITY.

Where a writing is so incomplete on its face as to permit its amplification by parol testimony, parol testimony is not admissible to contradict the writing in any of its terms.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 411.*]

6. TRIAL (§ 84*)—EVIDENCE—OBJECTIONS—PAROL EVIDENCE.

An objection to parol evidence which contradicts or adds to a written contract complete on its face, on the ground that the same is incompetent, immaterial, and irrelevant, is sufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 218; Dec. Dig. § 84.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Frank J. Piretti and another against the Firestone Tire & Rubber Company.   From a judgment for defendant after a trial before the court without a jury, plaintiffs appeal.   Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry U. Hart, for appellants.

William H. Hanford, for respondent.

GIEGERICH, J.   The plaintiffs sue to recover the agreed price of certain advertising published by them in a journal of which they are the proprietors.   On April 23, 1908, an agreement, pursuant to which the publication was commenced, was entered into between the defendant and the former proprietors of the paper, to whose rights the present plaintiffs have succeeded.   At that time the defendant signed and delivered to the plaintiffs' assignors a writing in the following form:

"$18.75 per issue.   Memorandum.

"Please insert in the New York Athletic Club Journal our advertisement, to occupy the space of lower half third cover, twelve insertions, and thereafter until stopped, for which we will pay $18.75 monthly.

"Firestone Tire & Rubber Co.,

"by W. A. Wells, N. Y. Branch.

"New York, April 23, 1908.

"This memorandum is complete in itself and is not to be interpreted or amended by any oral statement or explanation."

A like paper was signed on behalf of the then proprietors of the paper and was delivered to the defendant.   Publication of the advertisement was then commenced, and was continued until it had been published 12 times.   The defendant paid for the first 6 insertions, but refused to pay for the last 6, and this action is brought to recover the sum so in dispute.

At the trial, the plaintiffs proved the written agreement, the publication, and the nonpayment of the balance claimed.   Counsel for the defendant, upon cross-examination of one of the plaintiffs' witnesses, asked the witness to identify a letter, dated October 7, 1908, from the publishers to the defendant, and upon the identification being made offered the letter in evidence.   Counsel for the defendant objected to the introduction of the letter on the ground that it was incompetent, irrelevant, and immaterial; but it was received, and the plaintiffs' exception was noted.   The letter was as follows:

"October 7, 1908.

"Mr. W. P. Berrien, Firestone Tire & Rubber Co., 233 West 58th Street, N. Y. City—Dear Sir:  In reply to your favor of the 5th inst., in which you have requested us to discontinue your advertisement, beg to say that we are at a loss to understand the request, as you have neglected to state any reasons. We are confident that we have carried out our part of the contract, and see no reason why we should not insert the advertisement until expiration of same, April, 1909, as the rate given you was on a yearly basis, and not six months.

"Very truly yours,        New York Athletic Club Journal,

"T. M. Tibbitts, Editor."

This letter contained nothing of importance, and its introduction could have done no harm; but following its reception in evidence the defendant's counsel, continuing his examination of the same witness, procured him to identify a letter, dated October 8, 1908, sent by the defendant in reply to the letter reproduced above, and then offered it in evidence.   The same objection, ruling, and exception were made

and noted as in the case of the previous letter. This second letter read as follows:

"New York, Oct. 8, 1908.

"Mr. F. M. Tibbitts, Editor New York Athletic Club Journal, Central Park South, New York, N. Y.—Dear Sir: We have yours of the 7th relative to our notice of the 5th to discontinue our advertising, and would advise you that your representative, with whom our agreement was made, in the presence of three witnesses, conceded the privilege of cancellation at the end of either three, six, nine months, or one year, and that the rate of advertising for any of these periods would be for the rate which you have charged us for to date. Under these conditions, you will therefore see that the agreement is observed; also, as per our instructions of the 5th, that the advertisement is canceled.

"Yours very truly,                    Firestone Tire & Rubber Co.,
                                                "by W. P. Berrien."

This letter having been received, counsel for the defendant procured the identification by the same witness of a letter, dated the following day, and sent by the editor of the publication in reply to the defendant's letter of October 8th. The same objection, ruling, and exception were made and noted. The last-mentioned letter read as follows:

"October 9, 1908.

"Mr. W. P. Berrien, Firestone Tire & Rubber Co., 233 West 58th St., New York, N. Y.—Dear Sir: In reply to your favor of the 8th inst., in which you state that there was an agreement by which you could cancel your contract for advertising in the New York Athletic Club Journal at the end of either three, six, or nine months, or one year, beg to inform you that the arrangement was for a cancellation at the end of three months, and if you did not do so the advertisement was to run the full length of the contract (one year). It is our intention to continue the contract until expiration of same, and we shall be pleased to receive an acknowledgment of this letter at your convenience.

"Very truly yours,                     New York Athletic Club Journal,
                                                "F. M. Tibbitts, Editor."

Having introduced these letters, the defendant's counsel then proceeded to examine both the plaintiffs' witness and his own concerning the oral agreement made at the time when the written memorandum was signed, with the result that the witnesses, respectively, maintained that that agreement had been what they had respectively stated it to have been in their letters of October 8th and 9th. The trial justice evidently believed the version testified to by the defendant's witnesses, and accordingly rendered judgment for the defendant.

The fact that the defendant was thus permitted to introduce in evidence in its own behalf its letter of October 8th would perhaps justify a reversal of the judgment; but, as the trial was had without a jury, it may be more satisfactory to pass over that point, and consider the more fundamental questions involved in the case. I suppose there can be no question that the agreement which the written memorandum purported to express was sufficiently complete to bring the writing within the so-called parol evidence rule. That rule forbids any addition to or contradiction of the terms of a written instrument by testimony purporting to show that at or before the signing of the written paper other, further, or different terms were orally agreed upon by the parties—provided, always, that the written

instrument appears, on its face, to express an agreement complete in all essential terms. This is not a mere rule of evidence. It is a rule of the substantive law. Lese v. Lamprecht, 196 N. Y. 32, 36, 89 N. E. 365; Stanton v. Granger, 125 App. Div. 174, 177, 109 N. Y. Supp. 134; Pitcairn v. Philip Hess Co., 125 Fed. 110, 61 C. C. A. 657. When parties sign a memorandum expressing all the terms essential to a complete agreement, they are to be protected against both the doubtful veracity of interested witnesses and the uncertain memory of the disinterested concerning the terms of their agreement. And the only way in which they can be so protected is by holding each of them conclusively bound by the terms of the agreement as expressed in the writing.

When such a memorandum has once been signed, therefore, it is quite immaterial, in an action brought upon the contract, what other or different terms were orally agreed upon at or before the time when the memorandum was signed. Such oral agreements or understandings may sometimes be important for the purpose of securing a reformation or cancellation of the instrument in equity, but so long as the instrument stands unreformed the prior contemporaneous oral agreements or stipulations are of no legal effect. Testimony concerning then is therefore immaterial, and, even though admitted without objection, the party against whom it was admitted is still entitled to claim that it shall not be considered against him. Morowsky v. Rohrig, 4 Misc. Rep. 167, 169, 23 N. Y. Supp. 880; Pitcairn v. Philip Hess Co., 125 Fed. 110, 61 C. C. A. 657. Consequently, we find in Wilson v. Deen, 74 N. Y. 531, that where the trial court had made findings of fact, which included findings of oral stipulations made contemporaneously with the signing of a written lease, the Court of Appeals reversed the judgment on the ground that the parties were bound by the written lease and that the oral stipulations were of no effect. The question there was not one of evidence, but of the legal effect of the oral stipulations, the making of which had been found as a fact by the trial court. When the written instrument is apparently complete on its face, therefore, it makes no difference, even though it be proved that it was not in fact complete, but that other terms were orally agreed upon. It can make no difference, therefore, even though the party sought to be charged admit that the oral stipulations were made. In an action upon the contract he can insist that the writing shall control until it has been reformed.

In the present case the defendant was permitted to show that the plaintiffs had admitted in writing that the memorandum did not express the whole agreement of the parties, and the defendant's witnesses were thereupon permitted to give their version of the contemporaneous oral agreement. It is of no importance that the plaintiffs' admission of the incompleteness of the memorandum was made in writing. The fact was immaterial, and the form in which the fact was admitted could not make it material. The defendant would not have been permitted to call the plaintiffs and require them to testify to the incompleteness of the written contract, and, even if they had so testified, the testimony, as already shown, would have been

without legal effect. How, then, can the mere written admission of the fact be competent or material evidence? It cannot be so because of the conclusive presumption that the written instrument contained the whole agreement. This point was quite well illustrated in the case of Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548, where a written contract for the purchase and sale of a quantity of quinine had been entered into by the parties. The sale had been procured by brokers, who signed the contract on behalf of both parties, and at the same time that they sent the defendants' copy of the contract to them they wrote them a letter stating the terms of a further oral agreement not expressed in the written memorandum. It was held that this oral agreement, although proved at the trial by means of the letter, was of no legal effect, and that a verdict was properly directed for the plaintiffs.

I have considered the case so far upon the assumption that the defendant was seeking merely to supplement the terms of a written instrument complete on its face, but which he had shown to be in fact incomplete. As a matter of fact, however, I think the actual attempt was not to supplement the memorandum, but to contradict it. The memorandum provided for "12 insertions and thereafter until stopped." The defendant attempted to show that the agreement was for only 3 insertions absolutely, with the privilege of stopping at the third, sixth, ninth, or twelfth. This, clearly, was not merely seeking to add an omitted term to the written contract, but was an attempt to vary and contradict a term already in the writing. Even where a writing is so incomplete on its face as to permit its amplification by parol testimony, it is never permissible to contradict the writing in any of its terms. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; House v. Walch, 144 N. Y. 418, 39 N. E. 327.

The respondent urges that the objections of the plaintiffs to the reception of the letters, or some of them, were not sufficient, because made upon the general ground of incompetency, immateriality, and irrelevancy. If any objection had been necessary, this was sufficient. Holcombe v. Munson, 103 N. Y. 682, 9 N. E. 443. It may be questioned whether, in view of the directions of the defendant to discontinue the advertising, the plaintiffs are entitled to recover the full contract price upon proof that they printed the advertisement for the full terms fixed by the agreement. It would seem to have been their duty to discontinue the advertisement when ordered to do so, and to sue for the unliquidated damages resulting from the breach of the contract. But this point was not raised on the trial just had, and the plaintiffs have not had an opportunity to meet it.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.