DELK REALTY CORPORATION, Landlord, Appellant, *v.* MORRIS RUBIN et al., ALEXANDER HOLT and JACOB BADISH, Under-tenants, Respondents.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Summary proceedings — landlord and tenant — lease signed by lessee only — contracts — Code Civ. Pro. § 2244 — Real Property Law, §§ 232, 242, 259.

Upon an appeal from a final order in favor of under-tenants in a summary proceeding instituted in the Municipal Court of the city of New York, it clearly appeared that at the execution of a contract for the purchase of the premises by the landlord's assignor, "subject to various leases   *   *   *   all of which expire on or before the 1st day of February, 1922," a former owner of the property, a bank, had made a contract to let the same to said under-tenants for two years from February 1, 1920. The lease, prepared by the lessor pursuant to said contract, was signed only by the tenants, and, by direction of the purchaser named in the contract to convey, the agent of the bank returned the lease to the tenants. *Held,* that a letter written by the agent of the bank to said under-tenants ten days

before the making of the contract to convey, which embodied every essential of a contract for the leasing of the premises and carried with it the ratification of said agent whose duty it was to attend to the leasing of the bank's property, was a note or memorandum within the meaning of section 259 of the Real Property Law, signed by the bank's lawfully authorized agent.

*Held,* further, that the under-tenants, if not actually lessees for want of a signature by the lessor, were in possession under a contract valid for two years from its date, and under section 2244 of the Code of Civil Procedure were entitled to avail themselves of the contract to defeat the proceedings to dispossess them on the ground that they held over their term.

The amendment (Laws of 1918, chap. 303) to section 232 of the Real Property Law, which provides that an agreement for the occupation of real estate in the city of New York shall create a tenancy from month to month unless the duration of the occupation shall be specified in writing, held not to defeat the rights of the under-tenants herein.

APPEAL by landlord from final order in summary proceedings entered on verdict directed by the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of Badish and Holt, alleged under-tenants.

Samuel Horowitz (Morse S. Hirsch, of counsel), for appellant.

Choloney & Weinberger (Nathaniel Choloney, of counsel), for under-tenants.

GUY, J. The proceeding was based on the ground that the tenant and under-tenants held over the term. The answer of the under-tenants set up a hiring by the Bank for Savings, former owner of the property, to the under-tenants as tenants of the bank for the term beginning February 1, 1920, and expiring January 31, 1922. At the close of the evidence the court, on motion of the tenants' counsel, directed a verdict in favor of Badish and Holt.

On July 17, 1919, the Bank for Savings, being the owner of the premises in question, made a contract with Max Lovett, the assignor of the landlord herein, for the sale of the property. The contract was entered into " subject to various leases of some portions of the buildings upon the demised premises, all of which expire on or before the 1st day of February, 1922." At the time of the making of the contract the lawyers for the bank produced the leases to the purchaser and his attorney, together with a letter written to the attorneys, the bank's agent for the care of the property, Daniel Birdsall & Co., Inc., specifying existing leases of various portions of the buildings and the rents therein. In the list of leases is included one of room 62 to Casino Dress Company, expiring January 31, 1920, the under-tenants designated in this proceeding, Badish and Holt, being sub-tenants of the said Casino Dress Company. After specifying the leases as aforesaid the agent states in said letter: " In addition to the above leases we have made a lease of room 62 to Badish and Holt for two years from February 1st next at $720 per year. These people are at the present time sub-tenants of the Casino Dress Co., which hold the lease until February 1st next. We are giving you this information, as we imagine you will wish to make some remark in your contract regarding this verbal agreement, the leases for which have not been signed, the leases having only been made a few days ago." The attorney for the bank testified that this letter was " mulled over for at least ten to fifteen minutes before the contract was signed " by the purchaser, who took it away with him after the execution of the contract.

On or about August 5, 1919, by deed dated on that day, the bank conveyed the property to the Delk Realty Corporation, the landlord in this proceeding and the assignee of the purchaser named in the con-

tract, " subject to various leases of portions of the buildings upon said premises, all of which expire on or before the 1st day of February, 1922."

Daniel Birdsall & Co., Inc., the writer of the letter hereinbefore referred to, held a power of attorney from the Bank for Savings for the care and management of the property in question " with full authority from it to collect and receipt for the rents, attend to repairs, pay insurance and taxes, negotiate leases subject to its approval and generally to represent it in all matters relating to the management of the said property."

On July 7, 1919, ten days before the making of the contract of purchase, the agent wrote Badish and Holt, alleged under-tenants, herein, acknowledging receipt of check for account of July rent, and further stating " as to an additional lease after next February we beg to advise you that if an acceptance is made promptly the bank is willing to rent you room 62 from February 1st next for one or two years, which ever suits you, at the rate of $65 per month." The agent's representative Shackford testified that on the next day Badish and Holt agreed to pay at the rate of sixty dollars a month for the term commencing February 1, 1920, and ending January 31, 1922; that their offer was submitted to and accepted by Mr. Freeman, the bond and mortgage clerk at the bank, who had charge of such negotiations. A lease of room 62 was accordingly prepared for execution upon the above terms, and is dated July 9, 1919, and signed by Badish and Holt and acknowledged by them before a notary public on July fifteenth. The lease is not signed by the bank or its agent. By direction of Lovett, the purchaser named in the contract, the agent returned the lease to Badish and Holt on or about July nineteenth.

It clearly appears from the facts stated that at the

time of the execution of the contract for the purchase of the premises in question by the landlord's assignor a contract had been made by the bank for the letting of the demised premises to Badish and Holt for two years from February 1, 1920. The effect of various provisions of law, which as a whole may be referred to as the Statute of Frauds, remains to be considered as respects the validity of the contract.

Section 242 of the Real Property Law provides that a lease for more than one year must be in writing subscribed by the lessor or by his lawful agent thereunto authorized by writing. While the tenants in this case signed the lease prepared by the landlord there was no signature by the landlord or his authorized agent. The provisions of section 242, therefore, were not complied with.

However, section 259 of the same statute provides that a contract for the sale or for the leasing of real property for a longer period than one year is void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing subscribed by the lessor or grantor, or by his lawfully authorized agent, and if the facts bring the case within this section, although not within section 242, the final order may be sustained in so far as these two sections are concerned.

Under section 259 the authority of the agent need not be in writing. The way of conferring authority on the agent not being prescribed by section 259, is left to the general law of agency. *Worrall* v. *Munn,* 5 N. Y. 229, 243; *Moody* v. *Smith,* 70 id. 598; *Roe* v. *Smith,* 42 Misc. Rep. 89.

" The purpose of this statute is to prevent fraud in the claiming of an oral contract giving the right to possession of real property where none exists. For the protection then of the owners of the property it is

required that the contract, or a note or memorandum thereof, should be in writing and signed by the lessor or his duly authorized agent. The statute itself does not require the contract to be in writing provided a note or memorandum thereof be in writing and properly signed. * * * In *Peabody* v. *Speyers* (56 N. Y. 230) it is held that a letter written by an agent to his principal, even though the principal was undisclosed as a principal to the plaintiff, of which the plaintiff had no knowledge, was sufficient to perfect the memorandum of sale." *Roskam-Scott Co.* v. *Thomas,* 175 App. Div. 84.

In the light of the authorities the letter written by the agent to the bank's attorneys was a note or memorandum within the meaning of the statute signed by the bank's lawfully authorized agent. It embodied every essential element of a contract for leasing the premises, and it carried with it the ratification of the employee of the bank whose duty it was to attend to the leasing of the bank's real property.

The 1918 amendment of section 232 of the Real Property Law does not defeat the rights of the tenants. That amendment provided that an agreement for the occupation of real estate in the city of New York shall create a tenancy from month to month unless the duration of the occupation shall be specified in writing by the parties thereto or by their lawful agents. If this were the only statute affecting the question it is apparent that a valid leasing for two years could be spelled out of the acts of the parties, for no subscription is required by the lessor, and it is evident that the duration of the occupation was specified in writing by the lessor within the meaning of the statute in the preparation of the written lease and the presentation of the same to the lessees to be signed by them, and that such specification of the duration

of the term by the tenants is manifested by their signature to the instrument.

It follows that the respondents, if not actually lessees for the want of a signature by the lessor, were in possession of the premises under a valid contract for two years from February 1, 1920, and while in the summary proceeding they could not have in the Municipal Court affirmative equitable relief by way of specific performance, nevertheless under the express language of the statute (Code Civ. Pro. § 2244) they had a right to avail themselves of the contract to defeat the proceeding.

In *Salomon* v. *Weisberg,* 29 Misc. Rep. 650, it is held that a plea that the landlord " promised and agreed to and with said tenant to let " and that the tenant " promised and agreed to and with such landlord " to take the premises for another year was insufficient, being merely a promise or agreement to let and hire in the future. Here, however, none of the elements of an enforcible contract is lacking, and as the landlord took with notice of the rights of the respondents, who were in possession, the issues were correctly decided in favor of the tenants.

Appellant does not contend on the appeal that there was any question of fact which should have been submitted to the jury, the claim being that as a matter of law the landlord is entitled to a verdict. I recommend affirmance.

Finch and Wagner, JJ., concur.

Final order affirmed, with twenty-five dollars costs.